*[481] TANZER, J.
In separate declaratory judgment and habeas corpus proceedings, plaintiff challenged the constitutionality of that portion of ORS 426.220(1) relating to the voluntary civil commitment of minors. In the declaratory judgment suit, the circuit court granted summary judgment to defendant upon the reasoning that the challenged statute was constitutional. Plaintiff’s petition for writ of habeas corpus was dismissed as moot upon his release from the state hospital.[1] This is a consolidated appeal from the judgments in both cases.
The facts are not disputed. On May 27, 1975, plaintiff, who was then 15 years old, was committed to the Oregon State Hospital by his mother, with the assistance of a Children’s Services Division caseworker, pursuant to procedures for the voluntary commitment of minors stated in ORS 426.220(1). Plaintiff was placed in an adult ward. He remained at the state hospital, without his consent, until December 5, 1975.
ORS 426.220(1) provides:
"Pursuant to rules and regulations promulgated by the Mental Health Division, the superintendent of any state hospital for the treatment and care of the mentally ill may admit and hospitalize therein as a patient, any person who may be suffering from nervous disorder or mental illness, and who voluntarily has made written application for such admission. No person under the age of 18 years shall be admitted as a patient to any such state hospital unless an application therefor in his behalf has been executed by his parent, adult next of kin or legal guardian. Except when a period of longer hospitalization has been imposed as a condition of admission, pursuant to rules and regulations of the division, no person voluntarily admitted to any state hospital shall be detained therein more than 72 hours after he, if at least 18 years of age, has given notice in *[482] writing of his desire to be discharged therefrom, or, if the patient is under the age of 18 years, after notice in writing has been given by his parent, adult next of kin or legal guardian that such parent, adult next of kin or legal guardian desires that such person be discharged therefrom.”
Plaintiff contends that this statute is unconstitutional as applied to minors because it permits their civil commitment in state hospitals without their consent and without any of the procedural safeguards which are traditionally required before one’s liberty is infringed upon by the state.[2] Plaintiff argues that this lack of procedural protection violates the due process clauses of the Oregon and United States constitutions. Moreover, because both minors and adults are accorded such safeguards when they are committed pursuant to the involuntary commitment procedures of ORS 426.070 to 426.170, plaintiff argues that the absence of such safeguards when a minor is committed against his will under ORS 426.220(1) is a denial of equal protection.[3]
We deal first with the habeas corpus issue. We do not reach the constitutional challenge because the statutory considerations are dispositive.[4] ORS 426.220(1) authorizes voluntary commitment, whether of adults or children, only "[p]ursuant to rules and *[483] regulations promulgated by the Mental Health Division.”[5] No such rules have been promulgated.
 Where the legislature authorizes an agency to take action which severely affects personal liberty and establishes certain prerequisites for such action, we may infer that the requirement that the agency act pursuant to rules is more than a formality. Rather, rules are a prerequisite to such action. We have so held regarding delegation of licensing authority, Sun Ray Dairy v. OLCC, 16 Or App 63, 517 P2d 289 (1973), and our reasoning in that case relative to personal rights, legislative oversight, judicial review and public scrutiny are at least equally pertinent to the grant of authority for official intrusion into one’s life for mental health reasons. The statutory requirement that the Mental Health Division act pursuant to rules will be given effect. Action taken purportedly under the statute was therefore unauthorized by it and is voidable upon challenge. The writ of habeas corpus should have been granted.
The declaratory judgment issue is more difficult. Plaintiff contends that ORS 426.220(1) is constitutionally infirm because due process requires a judicial decision to commit.
 The nonconsensual civil commitment of an individual is a deprivation of liberty which may not be undertaken by the state without due process, O’Connor v. Donaldson, 422 US 563, 95 S Ct 2486, 45 L Ed 2d 396 (1975), whether the individual is a minor or an adult, see, Re Gault, 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967). However, the requirements of due process vary depending upon the nature of the individual interest involved, the extent of the state’s interference with that interest, and the type of issues relevant to the validity of the state’s interference. The cases of Mathews v. Eldridge, 424 US 319, 96 S Ct 893, 47 L Ed *[484] 2d 18 (1976); Morrissey v. Brewer, 408 US 471, 481, 92 S Ct 2593, 33 L Ed 2d 484 (1972); and Floyd v. Motor Vehicles Div., 27 Or App 41, 554 P2d 1024 rev den (1976), demonstrate the rule in other contexts. A determination of what procedures are constitutionally required when the state, acting upon the parent’s request, places a nonconsenting child in a state-operated mental hospital requires consideration of the sensitive balance between the authority and responsibility of the parent, the interest of the state and the rights of the child. We assume that the procedure in such a situation must protect against unwarranted state-sanctioned deprivation of the child’s liberty, but that it need not wholly abrogate the parental role of safeguarding both the mental and physical well-being of the child. See, Ellis, Volunteering Children: Parental Commitment of Minors to Mental Institutions, 62 Cal L Rev 840 (1974).
It would be speculative for us to declare that it is impossible for the Mental Health Division to promulgate by rule administrative procedures which satisfy the requirements of due process. If and when the division promulgates rules in implementation of ORS 426.220(1) and a person with standing to do so challenges them, we will be able to make a declaration based upon reality rather than hypotheses. Moreover, the United States Supreme Court, although heretofore hesitant to analyze what procedures are constitutionally required in this context, see, Kremens v. Bartley, 431 US 119, 97 S Ct 1709, 52 L Ed 2d 184 (1977), has recently agreed to consider the issue. J. L. v. Parham, 412 F Supp 112, prob. juris, noted 412 F Supp 141 (US DC, MD Ga 1976). Because the authority to declare judgment is discretionary,[6] because such a declaration *[485] would have been speculative, and because plaintiff has obtained a relief in the habeas corpus proceeding, declaratory judgment should be denied. Campbell v. Henderson, 241 Or 75, 403 P2d 902 (1965).
The dismissal of the petition for habeas corpus is reversed; the summary judgment for defendant in the declaratory action is affirmed.
Reversed in part; affirmed in part.

This issue, as defendant concedes, is not moot because there may be collateral consequences of civil commitment, State v. Van Tassel, 5 Or App 376, 484 P2d 1117 (1971).

 Specifically, plaintiff contends that, els a matter of due process, a minor committed under ORS 426.220(1) is entitled to: a precommitment "prohable cause” hearing and a post-commitment evidentiary hearing before a judge; adequate notice of the hearings and of his rights pertinent thereto; independent legal counsel, appointed by the court in cases of indigency; the right to confront and cross-examine witnesses; the opportunity to present a defense; and the appointment of an independent examining physician. In view of our disposition of this case, we do not consider which if any of these rights Eire constitutionally required.

US Const, Amend XTV, § 1; Or Const, Art I, § 20.

 This possible disposition was suggested, but not developed, in respondent’s brief. It is consistent with the historical judicial practice of avoidance of constitutional issues where statutory issues are dispositive. State v. Franzone, 243 Or 597, 415 P2d 16 (1966); Dodd v. Ind. Acc. Com., 211 Or 99, 310 P2d 324, 311 P2d 458, 315 P2d 138 (1957).

We note but need not here deal with the effect of Oregon Laws 1977, ch 267, § 4, on the continuing validity of the rulemaking delegation of this statute to the division.

 ORS 28.010 provides:
"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.”