Argued September 23, 1977, affirmed January 16, reconsideration denied
February 24, petition for review denied May 31, 1978

LANCE DODD, INC. et al, *Appellants,*
*v.*
STATE ex rel REAL ESTATE
COMMISSIONER, *Respondents.*
(No. 95233, CA 7397)
573 P2d 744

Timothy V. Ramis, Portland, argued the cause for appellants. With him on the brief were O'Donnell, Rhoades & Gerber, and Gary E. Rhoades, Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

This is an appeal from the circuit court's denial of declaratory and injunctive relief.

Lance Dodd, Inc. (Dodd) is in the business of providing listings of rental housing available in the Portland area. Dodd receives its information, such as location, number of bedrooms, amount of rent and appliances provided, directly from landlords and passes the information along to its customers. It does not inspect the property, verify the information or perform any other service itself or as an agent. The information is compiled in a "book," indexed according to location, kept at Dodd's office. Customers initially go to the office in person and pay a $30-per-year fee before being allowed to inspect the book. Thereafter, they can receive information on listings either by going to the office or by telephone. The listings do not include information on the terms of rental agreements, except price. Dodd does not appraise the property listed, does not arrange appointments between landlords and would-be renters, does not negotiate on behalf of either party or assist in closing rental agreements and does not give landlords or customers advice on law or on fair rental prices. The business is managed by a person with a degree in mass communications.

In 1975 the Oregon legislature amended ORS 696.010 to broaden the definition of "real estate broker" to include one who

> "[e]ngages in the business of claiming, demanding, charging, receiving, collecting or contracting for the collection of a fee or other compensation from a prospective tenant or purchaser in connection with locating, assistance in locating or furnishing information concerning the location or availability of real property that may be leased, rented or purchased by the prospective tenant or purchaser." ORS 696.010(8)(L).[1]

---

[1]This citation is to the statute as numbered at the time this litigation arose. As will appear, the 1977 Legislature revised the statutes bearing on this case, and the quoted subsection is now ORS 696.010(9)(L).

Previously, Dodd and others in the business—or planning to enter the business—of furnishing information about available rental property had not been regulated. By the 1975 amendment they became subject to the requirements of ORS ch 696, including real estate broker licensing and the real estate commissioner's rule-making power. Acting under that power, the commissioner adopted a rule which specifically provides that no one can solicit from landlords rental listings to be provided prospective tenants for an advance fee or provide such a listing service unless

"his employer broker (1) is actively engaged in such business at the same office; (2) is familiar with all advance fee rentals and listings in the office; (3) has close supervision of said employe and (4) approves all listings of places for rent * * *."[2]

Dodd attempted to comply with the new requirements by hiring a licensed real estate broker, but the broker's training and experience proved to be of negligible utility in the business.

The qualifications to be eligible for a broker's license are contained in ORS ch 696. As the law existed prior to October 4, 1977, in addition to the various combinations of education and experience by which applicants may qualify, any applicant for a broker's license had to pass an examination on a variety of topics covering all aspects of real estate transactions a broker might encounter. Former ORS 696.130. There were no special provisions for licensing brokers whose activities were limited to the home-finding business in which Dodd is engaged.

Dodd's complaint encompassed three causes of action. The first asserted that the requirement that a rental referral service must be supervised by a real estate broker is unconstitutional under the Oregon and United States Constitutions by reason of its over-breadth, arbitrariness and being unduly burdensome, its lacking "a rational relationship" between

---

[2]Oregon Administrative Rules, ch 863, § 863-10-094(2).

objective and means and its being imposed without a reasonable grace period. The second cause of action challenged OAR 863-10-094 (which implemented the 1975 amendment) as being beyond the state's "police power." The third cause of action challenged the procedural regularity of the rule-making process for the adoption of OAR 863-10-094(3).[3] The trial court denied relief and Dodd appealed.

After the argument, it came to our attention (but not from the parties) that the 1977 legislature substantially revised ORS ch 696 by Oregon Laws 1977 ch 649, effective October 4, 1977. Believing that the case may have been rendered moot, we requested supplemental briefs from the parties directed to that issue. Having considered the responses, we conclude that the

---

[3] "(3) A broker who engages in such advance fee rental service shall enter into a written contract with each prospective tenant which shall clearly state:

"(a) All the terms and conditions of the contract upon which the service is to be furnished;
"(b) Type of rental;
"(c) The date the service is to terminate;
"(d) Receipt for payment of fee;
"(e) Date of execution;
"(f) Signatures of the prospective tenant, the broker, and if negotiated by an employee, the employee,
"(g) The service charge, if any, to be charged as provided in (4), which shall appear in 8-type at the top of the first page of the contract as follows:

"NOTICE

"In the event that this contract is terminated and a rental is not obtained, your fee will be returned to you less a service charge of $_____ (amount to be inserted shall not exceed one-third of the full fee to be paid if suitable rental is found or $5, whichever is the greater amount), unless the entire amount of your fee is refundable according to the terms of this contract.

"After this contract has been in effect 30 days, either the prospective tenant or the agency may terminate this contract upon five days written notice delivered to the mailing address of the other party. If the agency terminates the contract prior to its expiration date, and the prospective tenant has not obtained a rental therefrom, no service charge shall be made and the full amount of the fee shall be returned to the prospective tenant within ten days. If the prospective tenant terminates the contract prior to its expiation date, and the tenant has not obtained a rental therefrom the service charge shall be retained by the agency."

1977 legislation mooted Dodd's first cause of action and that there was no jurisdiction in the trial court to determine the second and third causes of action.

Insofar as relevant here, the 1977 statute made the following changes in the Real Estate License Law:

1. A statement of legislative findings and public policy was given. Oregon Laws 1977, ch 649, § 2(1).

2. A provision was added that requires any "advance fee" to be deposited in a trust account and expended only under certain conditions; accounting for the trust fund is subject to the commissioner's rules; and sanctions may be imposed for mishandling funds. Oregon Laws 1977, ch 649, §§ 6, 8. "Advance fee" is defined to include the fees Dodd charges for its services. Oregon Laws 1977, ch 649, § 9.

3. New categories of licenses for engaging in "professional real estate activities" (as defined in Oregon Laws 1977, ch 649, § 9 (9), amending ORS 696.010(8)) were created, Oregon Laws 1977, ch 649, § 8a, including "real estate organization," which seems to include Dodd's operation and to which special licensing provisions apply. Oregon Laws 1977, ch 649, § 13(1), amending ORS 696.050; § 15, amending ORS 696.080; and § 20, amending ORS 696.150.

4. The examination requirements of ORS 696.130 were amended in such a way as arguably at least to permit the issuance of restricted and unrestricted real estate brokers' licenses, for which different examinations would be given. Oregon Laws 1977, ch 649, § 19.

5. New record keeping requirements were added. Oregon Laws 1977, ch 649, § 38, amending ORS 696.280.

There may well be other relevant matters in the myriad details of the new law. The foregoing list of changes, particularly number 4, is sufficient to persuade us that to test the new law by allegations directed to the old language would call upon us both to

speculate on the effect of the new law on Dodd's business operations and to render an advisory opinion in the guise of a declaratory judgment. We should not do either. Therefore Dodd's first cause of action is moot. *Campbell v. Henderson,* 241 Or 75, 403 P2d 902 (1965); *Pyle v. Brooks,* 31 Or App 479, 570 P2d 990 (1977).

■ Although it does appear that the enactment of the new requirements relating to "advance fee" arrangements referred to above made parts of OAR 863-10-094 (*see* footnote 2, *supra*) redundant or possibly even contradictory to the statute, the rule was not specifically repealed by the statute and the language authorizing it was retained without substantial change. ORS 696.325, as amended by Oregon Laws 1977, ch 649, § 44. Nonetheless, the rule is not a proper subject for a declaratory judgment.

Jurisdiction to determine the "validity" of a rule is circumscribed by ORS 183.400(1) and (2):

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law."

This not being a contested case within the definition in ORS 183.310(2) and there being involved no order as defined in ORS 183.310(4), the only procedure which could have been utilized to obtain a review of the rule is that provided by ORS 183.400(1). *Bay River v. Envir. Quality Comm.,* 26 Or App 717, 554 P2d 620 *rev den* (1976); *Aplanalp v. Board of Optometry,* 21 Or App

501, 535 P2d 573 (1975). There was, therefore, no jurisdiction in the trial court and there is none here. *See City of Hermiston v. Employment Relations Board et al,* 280 Or 291, 570 P2d 663 (1977).

Affirmed.