Submitted on record and briefs December 30, 1977, judgment vacated; appeal dismissed March 13, reconsideration denied May 3, petition for review denied June 27, 1978, 283 Or 1

JACKSON et al, *Appellants,*

*v.*

CITY OF PORTLAND et al, *Respondent.*

(No. A 76-06-08338, CA 8637)

576 P2d 21

Brent L. Crook, Erickson & Greer, Tualatin, filed the brief for appellants.

Christopher P. Thomas, City Attorney, and Richard A. Braman, Sr., Deputy City Attorney, Portland, filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal by plaintiffs from a decree of the circuit court denying them declaratory relief. The plaintiffs, all nonveterans, are two persons over the age of 26 who applied for the position of firefighter with the City of Portland and one person over the age of 30 who applied for the position of police officer. All three plaintiffs had their respective applications for these job positions rejected on authority of Portland City Charter section 4-106, which states:

"All patrolmen shall be between the ages of 21 and 30 years and all hosemen shall be between the ages of 21 and 26 years on the dates of their respective appointments; provided, that in the case of an applicant for either of said positions who, being a citizen of the United States, has honorably served in the armed forces of the United States of America during any war to which the United States was or shall be a party belligerent, the maximum age limit shall be extended to 35 years for a patrolman and to 31 years for a hoseman."

Plaintiffs then filed a complaint for declaratory judgment in circuit court alleging, inter alia, that (1) section 4-106 of the Portland City Charter was in conflict with ORS 659.015 et seq and that the subject matter of ORS 659.015 et seq was a matter of predominantly statewide concern, rendering section 4-106 invalid; and that (2) section 4-106 violated the Equal Protection Clause of the United States Constitution by establishing a veterans' preference which bore no rational connection to any legitimate governmental purpose. After trial, the trial judge entered judgment in favor of the defendants. Plaintiffs appeal.

At trial, plaintiffs argued that section 4-106 of the charter was contrary to state policy against age discrimination in employment. This state policy, plaintiffs maintained, was set forth in ORS 659.015[1]

[1] ORS 659.015 provides:

"It is declared to be the public policy of Oregon that available manpower should be utilized to the fullest extent possible. To this end

and 659.022.[2] Plaintiffs also argued that section 4-106 conflicted with the specific terms of ORS 659.026(1), which provided:

"It is an unlawful employment practice for a public employer or any person acting for a public employer to disqualify or discriminate against any individual in any civil service entrance, appointment or promotion examination or rating, or to refuse to hire, employ or reemploy or to bar, discharge, dismiss, reduce, suspend or demote any individual because of his age if the individual is 18 years of age or older and under 65 years of age; but the compulsory retirement of employes required by law at an age under 65 years and the selection of employes on the basis of relevant statutory, educational or experience requirements or relevant physical requirements, including but not limited to, strength, dexterity, agility and endurance, are not unlawful employment practices."

the abilities of an individual, and not any arbitrary standards which discriminate against an individual solely because of his age, should be the measure of the individual's fitness and qualification for employment."

[2] ORS 659.022 provides:

"The purpose of ORS 659.010 to 659.110 and 659.400 to 659.435 is to encourage the fullest utilization of available manpower by removing arbitrary standards of race, religion, color, sex, marital status, national origin or age as a barrier to employment of the inhabitants of this state; to insure human dignity of all people within this state, and protect their health, safety and morals from the consequences of intergroup hostility, tensions and practices of discrimination of any kind based on race, religion, color, sex, marital status, or national origin. To accomplish this purpose the Legislative Assembly intends by ORS 659.010 to 659.110 and 659.400 to 659.435 to provide:

"(1) A program of public education calculated to eliminate attitudes upon which practices of discrimination because of race, religion, color, sex, marital status, or national origin are based.

"(2) An adequate remedy for persons aggrieved by certain acts of discrimination because of race, religion, color, sex, marital status, or national origin or unreasonable acts of discrimination in employment based upon age.

"(3) An adequate administrative machinery for the orderly resolution of complaints of discrimination through a procedure involving investigation, conference, conciliation and persuasion; to encourage the use in good faith of such machinery by all parties to a complaint of discrimination; and to discourage unilateral action which makes moot the outcome of final administrative or judicial determination on the merits of such a complaint."

[ 136 ]

Subsequent to judgment, during the pendency of this appeal, the 1977 Legislative Assembly repealed ORS 659.026 and replaced it by ORS 659.030, which provides in pertinent part:

"For an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older and under 65 years of age, or because of the race, religion, color, sex, national origin, marital status or age of any other person with whom the individual associates, or because of a juvenile record, that has been expunged pursuant to ORS 419.805 to 419.835, of any individual, to refuse to hire or employ or to bar or discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. *However, discrimination is not an unlawful employment practice if such discrimination results from a bona fide occupational requirement reasonably necessary to the normal operation of the employer's business.*" ORS 659.030(1)(a). (Emphasis supplied.)

■ In order for us to reach the merits of plaintiffs' contentions, we must determine if section 4-106 is indeed in conflict with current state law. The record below does not allow us to do so because the parties never litigated the issue of whether section 4-106 was in conflict with ORS 659.030. ORS 659.030 is sufficiently different in wording from ORS 659.020 that any attempt by us to render an opinion on this issue at this time would amount to "render[ing] an advisory opinion in the guise of a declaratory judgment." *Lance Dodd, Inc. v. State,* 32 Or App 101, 107, 573 P2d 744 (1978).

■ In light of this conclusion, we also cannot reach plaintiffs' equal protection claim. We could only consider that claim if we first upheld the validity of section 4-106 on state statutory grounds, a matter not properly before us.

Judgment vacated; appeal dismissed.