Argued April 22, reversed and remanded May 27, 1975

APLANALP, *Appellant, v.*
STATE ex rel OREGON BOARD OF OPTOMETRY
(No. 405-298), *Respondent.*
535 P2d 573

*Mark H. Wagner,* Portland, argued the cause for appellant. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solictor General, and Arnold B. Silver, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

Plaintiff, a licensed Oregon optometrist practicing in Multnomah County, filed a petition for review of actions of the Oregon State Board of Optometry (hereafter called Board). A demurrer to his petition was sustained and he thereupon filed an amended pleading seeking declaratory relief to which a demurrer was also sustained. When he refused to plead further an order of dismissal was entered and it is from this order that he appeals, challenging the court's rulings on both his first and his second pleading.

The basic question presented by this appeal is: When a dispute exists between a professional licensee and his licensing board as to the legality of licensee's professional practices, is there a means by which the licensee can obtain a resolution of that dispute other than by defying the licensing board and having the dispute resolved in a license-revocation proceeding? We find that there is such a means.

Plaintiff's first pleading, a petition for review under the Administrative Procedures Act (hereafter APA), ORS ch 183, contained the following allegations: Plaintiff was engaged in an advertising program for the sale of contact lenses designated as "Try Before You

Buy." The advertising offered prospective purchasers of contact lenses the opportunity to wear lenses for several hours for a nominal fee before deciding whether to purchase them. On or about July 3, 1974, the Board, which has the power to suspend and revoke optometric licenses, sent plaintiff a cease and desist order[1] requiring that he discontinue the advertising plan, and on or about July 12, told plaintiff that unless he complied with its order proceedings would be initiated to revoke or suspend his license. In its July 3 communication to plaintiff the Board advised him that his advertising program violated ORS 683.140(6), (12) and (13)[2] and ORS 683.180(9).[3]

---

[1] The Board contends that its communications did not order plaintiff to "cease and desist." We are here considering only the allegations in the pleading.

[2] ORS 683.140 provides:

"Any person registered under this chapter may have his certificate of registration revoked or suspended for a fixed period by the board for any of the following causes:

"* * * * *

"(6) The advertising of optometric services or treatment or advice in which untruthful, improbable, misleading, deceiving or impossible statements are made. Statements such as 'lowest prices in town,' 'reduced prices,' and words of like import are included under this paragraph.

"* * * * *

"(12) The advertising by means of newspapers, radio, billboard, direct mail or window or any other direct display or other publication, of any definite or fixed prices of optometric services or materials. Nothing in this subsection shall be construed as price or prices where they relate specifically to terms of payment. Advertisements must contain the name of the optometrist practicing at the location.

"(13) To advertise professional methods or professional superiority."

[3] ORS 683.180(9) provides: "No person shall:

"* * * * *

"(9) Advertise at a stipulated price or any variation of such a price or as being free, the furnishing at retail of spectacle lenses, contact lenses, eye glasses or the frames and fittings thereof, or use any statements such as 'lowest prices in

The petition further alleged that plaintiff suspended his advertising program with attendant substantial financial loss rather than risk the loss of his license, and concluded by asking the court to reverse the cease and desist order on the ground that the Board was making an erroneous interpretation of the relevant statutes or, in the alternative, that the statutes are unconstitutional.

Plaintiff's second pleading was a complaint stating basically the same facts as are set out above but seeking declaratory relief under the Declaratory Judgments Act, ORS ch 28.

■ Because, for the reasons which follow, we hold that the demurrer to the petition for review should not have been sustained, we need not deal with the second pleading.[2]

ORS 183.310(4) provides:

" 'Order' means any agency action expressed verbally or in writing directed to a named person * * * which grants, denies, modifies, suspends or revokes any right or privilege of such person."

ORS 183.480(1) provides that any person adversely affected or aggrieved by an order may seek judicial review of that order if it is a final order or, if it is not a final order, upon showing that he will suffer

town,' 'reduced prices,' or words of like import in any such advertising. Nothing in this subsection shall affect the advertising of the merchandise described in ORS 683.030 under the conditions set forth therein, nor be construed to prohibit advertising concerning the allowance of credit, time payments, budget terms or the allowance of any other method of payment for a commodity or a service where the advertising contains no indication of cost, price, charge or fee." ORS 683.180.

[2] The petitioner did not waive his rights to challenge the court's ruling on the first demurrer by filing an amended pleading. Moore v. West Lawn Mem'l Park, 266 Or 244, 512 P2d 1344 (1973).

substantial and irreparable harm if interlocutory relief is not granted. ORS 183.480(2) provides that in an uncontested case jurisdiction for judicial review is conferred upon the circuit court.

■ The Board argues that the demurrer to the petition for review was properly sustained for two reasons. First, assuming the communications described in plaintiff's petition were orders, they were not final orders and no irreparable injury could occur to plaintiff by requiring him to test the Board's interpretation of the advertising statutes in the course of license-revocation proceedings. There are numerous Oregon cases which are contrary in principle to the Board's position on this issue, e.g., *McKee v. Foster*, 219 Or 322, 327 P2d 585 (1959), *Mult. Co. Fair Assn. v. Langley*, 140 Or 172, 13 P2d 354 (1932), and *Cornelius v. City of Ashland*, 12 Or App 181, 506 P2d 182 (1973).

The Board's second reason is that the communications described in plaintiff's petition were not orders within the meaning of ORS 183.310(4). In effect the Board argues that because it cannot directly enforce its interpretation of the advertising statutes by, for example, getting an injunction against the plaintiff, but can enforce its interpretation only by taking away plaintiff's license, the Board's communications did not purport to affect any right or privilege of the plaintiff. That argument answers itself.

Reversed and remanded.