Argued July 26, reversed and remanded September 13, reconsideration denied October 20, petition for review denied November 16, 1976

BAY RIVER, INC.,
*Respondent—Cross-Appellant,*
*v.*
ENVIRONMENTAL QUALITY COMMISSION OF OREGON et al,
*Appellants—Cross Respondents.*
(No. 34876, CA 5017)

554 P2d 620

*W. Michael Gillette,* Solicitor General, Salem argued the cause for appellants—cross-respondents. With him on the briefs were Lee Johnson, Attorney General, and Karen H. Green, Certified Law Student, Salem.

*Desmond Connall,* Portland, argued the cause for respondent—cross-appellant. With him on the brief was Diane Spies, Portland.

Donald M. Pach, Mark P. O'Donnell, Ronald A. Zumbrun, and Thomas E. Hookano, Pacific Legal Foundation, Portland, filed a brief amicus curiae on behalf of respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendants appeal from a decree of the circuit court directing the Department of Environmental Quality (DEQ) to issue to plaintiff Bay River Corporation subsurface sewage disposal permits for Bay River's planned Fairway Heights housing development in Lincoln County. The dispositive issue on appeal is the jurisdiction of the circuit court to entertain this suit.

I

As a precondition of obtaining county building permits for construction of Fairway Heights, Bay River was required to obtain a feasibility permit for its proposed subsurface sewage disposal system for the development from the DEQ.[1] On December 28, 1973, after protacted negotiations with Bay River that can best be described as tumultuous, the DEQ denied the request for the feasibility permit.

On May 15, 1974, Bay River notified the DEQ that it considered the Fairway Heights matter to be a "contested case" within the purview of ORS 183.310(2), and requested a contested case hearing. The DEQ scheduled a hearing to commence on September 4, 1974. A hearing officer was appointed, and several depositions were taken.

On August 8, 1974, however, Bay River filed this suit in circuit court seeking an injunction forbidding the DEQ from proceeding with any hearing on Fairway Heights and seeking damages of $118,000. Bay River contended that the DEQ had exceeded its statutory authority in denying Bay River's request for a feasibility permit. Bay River prayed for a declaratory judgment that it be entitled to install its proposed subsurface sewage disposal system and sought injunctions in support of the declaratory judgment.

---

[1] Originally Bay River was required to seek this approval from the Department of Health. On October 5, 1973, however, while Bay River's request for a feasibility permit was still pending, the DEQ assumed all responsibility for approval of sewage disposal systems.

On June 27, 1975, after a lengthy hearing in which much technical evidence was introduced, the circuit court entered the declaratory judgment requested by Bay River and enjoined all defendants from imposing on Bay River any subsurface-sewage-disposal-systems standards more stringent than those proposed by Bay River. The circuit court also held that Bay River was not entitled to money damages.

## II

■ The Oregon Administrative Procedures Act, ORS 183.310 et seq, establishes a comprehensive pattern for the judicial review of administrative decisions. The various APA statutes governing judicial review provide the sole and exclusive methods of obtaining judicial review. *School Dist. No. 48 v. Fair Dis. App. Bd.,* 14 Or App 35, 512 P2d 799 (1973).

■ This is sufficient answer to Bay River's contention that since it couched its complaint in equitable terms and sought a declaratory judgment, the circuit court obtained jurisdiction pursuant to ORS 28.010. A party cannot ignore the judicial review provisions of the APA in favor of a general equitable or declaratory remedy.

The usual APA remedy in this kind of situation would be a contested case hearing before the agency followed by direct appeal to this court. Where, as here, an application for a license or permit is initially or tentatively denied by an administrative agency, the applicant is entitled to a contested case hearing. ORS 183.310(2)(c). After the hearing, any aggrieved person may seek review of the agency decision in this court. ORS 183.480(1) and (2), ORS 183.482(1).

There can be no doubt that on the date Bay River filed its complaint in this case, the Fairway Heights matter was in a contested case posture before the DEQ. Bay River acknowledged this in its May 15, 1974, request for a hearing. Thus, Bay River could have pursued its rights in the scheduled contested case hearing and then, if aggrieved by the final DEQ order,

seek review in this court. For reasons we cannot deduce from the record, Bay River rejected this normal approach in favor of immediately proceeding in circuit court.

## III

■ Bay River argues the circuit court had jurisdiction under ORS 183.480(3) which provides:

> "Except as provided in ORS 183.400, no action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

This statute, read in conjunction with ORS 183.482 and 183.484, requires that there be some agency *order* from which an appeal is taken. *See, Aplanalp v. Board of Optometry,* 21 Or App 501, 535 P2d 573 (1975). If the order is at the culmination of a contested case hearing, appeal is to this court; if the order is made in any other context, appeal is to the circuit court. *N. W. Envir. Def. v. Air Poll. Auth.,* 16 Or App 638, 519 P2d 1271, Sup Ct *review denied* (1974).

The only DEQ action which possibly qualifies as an order here is the December 28, 1973, decision to deny the feasibility permit. But, as noted above, this order triggered the availability of a contested case hearing before the DEQ. The question becomes whether Bay River was required to exhaust the available administrative remedy, or could ignore it and immediately bring suit against the DEQ in circuit court.

■■ Generally, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed judicial remedy has been exhausted." *Myers v. Bethlehem Corp.,* 303 US 41, 58 S Ct 459, 82 L Ed 638 (1938). *See also, Willamette Val. Lbr. Co. v. Tax Com.,* 226 Or 543, 359 P2d 98, 360 P2d 926 (1961). The reasons for the exhaustion doctrine are many, but of greatest importance is a concern that the administrative decision-

making process should not be prematurely interrupted, especially where agency expertise will play a large role in any decision on the merits. *McKart v. United States,* 395 US 185, 89 S Ct 1657, 23 L Ed 2d 194 (1969); *see,* 3 K. Davis, Administrative Law Treatise § 20.06 (1958).

This principle could hardly be more relevant in this case. Here the matter for adjudication is the complex issue of the feasibility of a subsurface sewage disposal system for Fairway Heights. Discussion of the permeability of soil types and the efficacy of Bay River's proposal to "rip" the soil to achieve better drainage would have played a prominent part in the DEQ hearing. The DEQ was created to hold such hearings. Accordingly, we hold that the circuit court has no jurisdiction to review agency orders that, as in this case, trigger the availability of a contested case hearing, and that are subject to modification in such an agency proceeding.[2]

## IV

Bay River alternatively contends that the DEQ unreasonably delayed in proceeding on the Fairway Heights matter, and that therefore ORS 183.490 granted the circuit court jurisdiction in this case. ORS 183.490 provides:

"The court may, upon petition as described in ORS 183.480, compel an agency to act where it has unlawfully refused to act, or unreasonably delayed action."

It should be first noted that unlike ORS 183.480 to 183.484 discussed above, ORS 183.490 does not contemplate an appeal from an agency order, but, rather, from an agency's failure to make an order on the merits. It should also be noted that ORS 183.490 does not state

[2] Moreover, we note there is a 60-day statute of limitations on appeals of agency orders to both this court and the circuit courts. ORS 183.482, 183.484. Treating the DEQ's December 28, 1973, decision to deny the feasibility permit as the order being reviewed, Bay River's complaint, filed August 8, 1974, was patently too late. Even if we were to consider a letter mailed by Bay River on January 2, 1974, as a petition for reconsideration, a letter from the DEQ to Bay River on April 20, 1974, would constitute a denial of the petition, and Bay River's complaint would still be untimely.

what court has jurisdiction over claims of unreasonable agency delay.

■ We agree with Bay River that ORS 183.490 has to be interpreted as a grant of jurisdiction to circuit courts. As we noted in *Fadeley v. Oregon Ethics Comm.,* 25 Or App 867, 870, n 2, 551 P2d 496 (1976), "just as this is not a record-making court, it is not a fact-finding court." Applying this criterion, we have difficulty imagining how a claim of unreasonable agency delay could be resolved without the making of a record and the resolution of conflicting factual claims—functions that can only be performed by circuit courts.[3]

■■ However, we do not agree with Bay River that a showing of delay under ORS 183.490 can support declaratory judgments and injunctions of the sort issued here by the circuit court. A court's order in a case of unreasonable agency delay must be limited to compelling the agency to proceed with greater alacrity. *Chromocraft Corp. v. United States Equal Emp. Op. Comm'n,* 465 F2d 745 (5th Cir 1972). Proof of unreasonable delay does not justify the sweeping intrusion into the province of agency expertise witnessed by this case, where the circuit court substituted its judgment on complex, technical matters for that of the DEQ.

V

For the foregoing reasons, we conclude that the circuit court had no jurisdiction over this matter as it was framed and presented by Bay River's complaint. On remand, the circuit court is directed to vacate all of its judgments and decrees entered in this case, and to dismiss Bay River's complaint.

Reversed and remanded.

---

[3] Courts considering a provision of the Federal Administrative Procedure Act similar to ORS 183.490 have reached a similar result. *See, Rettinger v. F.T.C.,* 392 F2d 454 (2d Cir 1968).