Argued and submitted May 21,
reversed and remanded July 28, 1980

CLATSOP COUNTY, et al,
*Plaintiffs,*
TILLAMOOK COUNTY, et al,
*Appellants,*
*v.*
LAND CONSERVATION AND
DEVELOPMENT COMMISSION, et al,
*Respondents.*
(No. 102093, CA 15546)

BALES, et al,
*Appellants,*
*v.*
LAND CONSERVATION AND
DEVELOPMENT COMMISSION, et al,
*Respondents.*
(No. 104320, CA 15546)

WEBBER, et al,
*Appellants,*
*v.*
LAND CONSERVATION AND
DEVELOPMENT COMMISSION, et al,
*Respondents.*
(No. 104321, CA 15546)

CLARK,
*Appellant,*
*v.*
LAND CONSERVATION AND
DEVELOPMENT COMMISSION, et al,
*Respondents.*
(No. 104322, CA 15546)
614 P2d 612

Frank M. Parisi, Portland, argued the cause for appellants Tillamook County, Lincoln County, Douglas County, Curry County, Columbia County, City of Coos Bay, City of Port Orford, City of Gold Beach, City of Brookings, Port of Coos Bay, Port of Siuslaw, Port of Brookings, Port of Gold Beach, Port of Nehalem, Curry County Soil & Water Conservation District and Crook County Soil & Water Conservation District. With him on the briefs were George L. Kirklin, Michael J. Lilly and Spears, Lubersky, Campbell & Bledsoe, Portland.

Earl H. Mickelsen, Portland, argued the cause and filed the brief for appellants William Bales, Otto George Neuman, John C. Webber, Donald J. McIntosh and Keith M. Clark.

Frank W. Ostrander, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, Schwab, Chief Judge, and Warden and Warren, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Plaintiffs initiated this declaratory judgment proceeding seeking a declaration that the statewide land use planning program violates the state and federal constitutions.[1] Plaintiff's complaint alleges that both the state statutes creating that program, ORS ch 197, and the statewide planning goals adopted by the Land Conservation and Development Commission pursuant to those statutes are unconstitutional.

Defendants challenged the trial court's jurisdiction, contending the statewide planning goals are "rules" within the meaning of the Administrative Procedures Act and therefore that exclusive jurisdiction to consider constitutional challenges to the goals was in the Court of Appeals pursuant to ORS 183.400. The trial court agreed with defendants and entered a judgment of dismissal. Plaintiffs appeal.

ORS 28.020, one of the statutes defining declaratory judgment jurisdiction, provides in part:

> "Any person * * * whose rights, status or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under any such * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder."

We need not and do not reach the question whether the trial court had jurisdiction over plaintiffs' challenge to the statewide planning goals, because under ORS 28.020 the trial court obviously had jurisdiction over plaintiffs' challenge to the statutes.

Reversed and remanded.

---

[1] Plaintiffs are cities, counties, special districts and individuals. No issue is presented at this point about whether cities or counties, as creatures and instrumentalities of the State of Oregon, can assert federal constitutional rights against the State of Oregon.