Argued and submitted May 6, reversed and remanded with instructions on appeal; affirmed on cross-appeal July 10, 1996

LAKE COUNTY,
a political subdivision,
*Respondent - Cross-Appellant,*

*v.*

STATE OF OREGON,
by and through its State Land Board,
Division of State Lands,
Department of Administrative Services,
fka Department of General Services,
and Gary Gustafson,
Director of the Division of State Lands,
*Appellants - Cross-Respondents.*

(9300734CV; CA A87912)

920 P2d 1115

Rives Kistler, Assistant Attorney General, argued the cause for appellants - cross-respondents. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Timothy R. Volpert argued the cause for respondent - cross-appellant. With him on the briefs were Daniel E. O'Leary, Christopher F. McCracken and Davis Wright Tremaine.

Harold S. Shepherd filed the brief *amicus curiae* for Oregon Natural Desert Association.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiff Lake County brought this action against defendants, the State of Oregon, by and through various state agencies and officers, contending that the state's refusal to sell certain land to plaintiff and its decision to sell the land to another bidder without plaintiff's approval violated ORS 270.100 and ORS 273.413. Plaintiff sought declaratory and injunctive relief and also petitioned for review of the defendant agencies' orders pursuant to ORS 183.484. After considering a series of motions to dismiss and for summary judgment by both parties, the trial court held that the ORS 183.484 claim was untimely in part and unreviewable in part. However, the court granted plaintiff the declaratory and injunctive relief that it sought. Defendants appeal, and plaintiff cross-appeals. We reverse on the appeal and affirm on the cross-appeal.

The state owned approximately 12,000 acres of land, interspersed with federally-owned land in the Hart Mountain Wildlife Refuge. The land is located in Lake County. When the state decided to sell that property, plaintiff was notified that it was for sale, apparently pursuant to ORS 270.100(1)(b), which provides that political subdivisions of the state are to have "the first opportunity after state agencies" to purchase real property from the state. Plaintiff responded by offering to purchase only the Deer Creek parcel, one of the 28 that the state was proposing to sell as a unit. On July 20, 1993, the Division of State Lands (DSL) rejected plaintiff's offer in a letter that stated that any sale would have to include the "entire unit" that was "legally advertised."

On September 8, DSL determined that it is in the best interests of the state and the Common School Fund to accept an offer for the entire area from the United States Fish and Wildlife Service (USFWS). ORS 273.413(6) provides that, before selling land, DSL must obtain the approval of the governing body of the county in which the land is located. Accordingly, on September 9, DSL notified plaintiff of USFWS's offer and requested plaintiff's approval. On October 6, plaintiff notified DSL that it objected to the proposed sale and, on October 27, plaintiff filed its initial complaint in

this action. The next day, the State Land Board (Board) decided to "override" plaintiff's disapproval of the sale. It reasoned that its constitutional obligation to obtain revenue from the sale for the Common School Fund transcended the statutory limitation of ORS 273.413. On January 20, 1994, plaintiff tendered an amended complaint, adding the October 28 decision to the list of actions that it challenged.[1]

■ The state argues in its appeal, *inter alia*, that the court erred in reaching the merits of plaintiff's claims for declaratory and injunctive relief and in rejecting the state's contention that those claims should have been dismissed on the ground that plaintiff's exclusive remedy was under ORS 183.484. That section of the Administrative Procedures Act (APA) provides for circuit court review of agency orders in other than contested cases.

■ We agree with the state. ORS 183.480(2) and numerous decisions of this court make clear that judicial review of final agency orders shall be solely as provided in the APA. *FOPPO v. County of Marion*, 93 Or App 93, 97, 760 P2d 1353 (1988), *rev den* 307 Or 326 (1989); *Mongelli v. Oregon Life and Health Guaranty*, 85 Or App 518, 522, 737 P2d 633 (1987). We said in *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 720, 554 P2d 620, *rev den* 276 Or 555 (1976):

> "The various APA statutes governing judicial review provide the sole and exclusive means of obtaining judicial review. * * *
>
> "This is sufficient answer to Bay River's contention that since it couched its complaint in equitable terms and sought a declaratory judgment, the circuit court obtained jurisdiction pursuant to ORS 28.010." (Citation omitted.)

The same is true here. DSL's July 20, 1993, refusal to accept plaintiff's purchase offer and the Board's October 28, 1993, "override" of plaintiff's objections to the sale to the federal government were reviewable "orders" within the meaning of ORS 183.310(5) and ORS 183.484.[2] Therefore, the APA review procedure was the exclusive one.

---

[1] Plaintiff later added a second amended complaint, which plays little role in our disposition.

[2] Plaintiff also relies on the September 8 decision to accept the federal offer. For reasons that we will explain in our discussion of the cross-appeal, that decision is not independently consequential to the issues raised by defendants.

Plaintiff seeks to avoid that conclusion by relying on a number of cases. As did the trial court, plaintiff relies in particular on *Clatsop County v. LCDC*, 47 Or App 377, 614 P2d 612 (1980). The plaintiffs there brought a declaratory judgment action, contending that the statewide land use planning statutes and LCDC's planning goals were unconstitutional. We rejected the defendants' argument that, because the goals were "rules," exclusive jurisdiction was under the APA. We held that the court had jurisdiction to render a declaratory judgment concerning the statutory challenge but, because that conclusion in itself provided jurisdiction over the action, we declined to "reach the question whether the trial court [also] had jurisdiction over plaintiffs' challenge to the statewide planning goals." *Id.* at 379.

*Clatsop County* does not assist plaintiff. It merely recognizes that a facial constitutional challenge to a statute may be brought in the circuit court under the Declaratory Judgment Act. It does not hold that the circuit court had non-APA jurisdiction over any agency action for which APA review is provided. Indeed, such a holding would contradict *Bay River* and many similar cases decided before and after *Clatsop County*, which clearly hold that, when APA review is available, APA jurisdiction is exclusive.

The trial court suggested that *Clatsop County* is analogous to this case, because both present questions regarding the constitutionality of statutes. However, in *Clatsop County*, the constitutional challenge was initiated by the plaintiffs' allegations, independently of any agency actions. Here, conversely, the constitutional issue was decided by the agency as a basis for its order and was reviewable through the procedure that the APA provides for the judicial review of the order. We conclude that the APA remedy was exclusive here and that the trial court erred by not dismissing the claims for declaratory and injunctive relief for lack of jurisdiction.

■ We turn to plaintiff's cross-appeal. Plaintiff contends generally that the court erred in holding that its petition for judicial review was not filed within 60 days from the dates of the challenged orders and thus was untimely under ORS

183.484(2). With respect to the two orders that are susceptible to review under ORS 183.484, plaintiff's argument is incorrect. DSL's July 20, 1993, rejection of the county's purchase offer was challenged, at the earliest, on October 27, when this action was brought. The Board's "override" of the county's disapproval of the sale occurred on October 28, 1993, and was not challenged by plaintiff until, at the earliest, January 20[3] of the following year, when the amended complaint was tendered.[4] In both instances, well over 60 days had elapsed between the orders and the initiation of plaintiff's challenges.

■       Plaintiff also points to certain other events and dates as demonstrating that its challenge was timely. In particular, plaintiff points to DSL's September 8, 1993, decision to accept the federal offer and plaintiff's October 27 filing of this action and argues that the latter occurred within 60 days of the former. The problem in this connection, however, is not one of timeliness, but whether the September 8 decision was a reviewable "final order" for purposes of APA review. We conclude that it was not. The September 8 decision was not final because it was subject to the procedure for county approval that the state was required to and did follow.[5] *See* ORS 183.310(5)(b). Rather, the entry of the final order in connection with the sale and plaintiff's objection to it did not occur until October 28, when the Land Board decided that the sale would proceed regardless of the county's refusal to approve it. That decision was made after plaintiff filed its October 27 complaint and more than 60 days before the filing of the amended complaint.

■       Plaintiff also includes in its assignment of error the court's adverse ruling on plaintiff's allegations under ORS

---

[3] In its abstract of record, plaintiff designates January 18 as the date of filing. Even assuming that date rather than January 20 to be the accurate one, plaintiff is not benefitted.

[4] The state argues that the challenge to the Board's decision was not perpetuated in plaintiff's second amended complaint and, hence, is not before us. Because we decide the issue on an alternative basis, which is jurisdictional, we need not address that argument.

[5] We do not reach the question of whether defendants were correct in selling the land despite the county's disapproval. The relevant point is that they sought the county's approval and acted on its response. Whether they did so erroneously is not material to the finality issue.

183.490. Plaintiff does not develop its point in its argument here, and we do not discern how that statute might assist plaintiff. It provides the circuit courts with authority to compel an agency to act where it has "unlawfully refused" to do so, or to compel the agency to make a decision that it has failed to make or unreasonably delayed. Here, the agencies *did* act, although they acted in ways that were contrary to plaintiff's desires, and their actions were reviewable under ORS 183.484. No relief under ORS 183.490 was available. *Bay River*, 26 Or App at 722.

We reject plaintiff's remaining arguments without discussion.

On appeal, reversed and remanded with instructions to dismiss action; affirmed on cross-appeal.