Argued and submitted November 27, 2002, judgment vacated; remanded with instructions August 13, 2003

Thomas J. EPPLER;
Paula Eppler; and Eppler & Eppler, LLC,
*Appellants,*

*v.*

BOARD OF TAX SERVICE EXAMINERS,
*Respondent.*

00C-16396; A114313

75 P3d 900

Gary K. Kahn argued the cause for appellants. With him on the briefs was Reeves, Kahn & Hennessy.

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

ORS 673.615 and ORS 673.643 require that paid tax preparers register with and be licensed by the Oregon Board of Tax Practitioners (board).[1] ORS 673.705 prohibits unlicensed persons from holding themselves out as licensed tax consultants. After the board notified plaintiffs that it was initiating administrative proceedings to determine whether they had violated those three statutes, plaintiffs filed an action in the trial court seeking a declaration that those statutes were preempted by federal law. Plaintiffs also sought an injunction to prevent the board from proceeding against them. After unsuccessfully moving to dismiss plaintiffs' judicial action, the board moved for summary judgment, which the trial court granted. On plaintiffs' appeal, we vacate the trial court's judgment and remand with instructions to dismiss plaintiffs' action.

On May 30, 2000, the board sent Thomas and Paula Eppler and their company, Eppler & Eppler, LLC, a notice of proposed action and right to hearing. The notice alleged that, over the past five years, the Epplers and their company had repeatedly violated three statutes. Specifically, the notice alleged that, without being licensed to do so, the Epplers had prepared or helped prepare personal income tax returns for consideration, *see* ORS 673.615(1); that the Epplers had falsely held themselves out as licensed tax consultants, *see* ORS 673.705(3); and that their company had operated as a tax preparation business without having registered with the board, *see* ORS 673.643(1). The notice advised the Epplers and their company that the board sought to assess a civil penalty against them for violating those statutes and that they had a right to a hearing.

Approximately two months later, the Epplers and their company (plaintiffs) filed this action in the trial court.[2] They sought a declaration that federal law preempts the

---

[1] The Board of Tax Practitioners was formerly known as the Board of Tax Service Examiners. *See* Or Laws 2001, ch 136, § 8.

[2] In addition to filing this action, plaintiffs appeared in the administrative proceeding, which resulted in a final order assessing a civil penalty against them.

state statutes that the board sought to enforce and an injunction preventing the board from proceeding against them. The board moved to dismiss plaintiffs' judicial action because the Oregon Administrative Procedures Act (APA) required plaintiffs to raise their preemption argument in the contested case proceeding before the board. The APA, the board argued, did not permit plaintiffs to seek a judicial declaration on a defense that could be resolved in the pending board proceeding. The trial court denied the board's motion. Later, on cross-motions for summary judgment, the trial court ruled that federal law does not preempt the state statutes that the board sought to enforce and entered judgment in the board's favor. On appeal, plaintiffs challenge the trial court's ruling on the merits of their preemption claim. The board defends that ruling but also cross-assigns error to the trial court's ruling on its motion to dismiss. We begin with the board's cross-assignment of error.

■■ The governing principles are well established. We have long recognized that the APA "establishes a comprehensive pattern for the judicial review of administrative decisions. The various APA statutes governing judicial review provide the sole and exclusive methods of obtaining judicial review." *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 720, 554 P2d 620, *rev den*, 276 Or 555 (1976); *accord Ashland Drilling, Inc. v. Jackson County*, 168 Or App 624, 630, 4 P3d 748, *rev den*, 331 Or 429 (2000); *Lake County v. State of Oregon*, 142 Or App 162, 166, 920 P2d 1115 (1996). A party may not circumvent the exclusive APA review process either by filing a declaratory judgment action after the time for petitioning for judicial review of the agency's decision has passed, *Lake County*, 142 Or App at 166-67, or by filing a declaratory judgment action while the agency proceeding is pending, *Bay River*, 26 Or App at 720. We accordingly held that the plaintiff in *Bay River* could not, midway through a contested case proceeding, initiate a declaratory judgment proceeding to litigate before the trial court issues that were pending before the agency. 26 Or App at 720.[3]

---

[3] The rule is more complex when a plaintiff initiates a declaratory judgment proceeding in advance of agency action. We have held that, when a party brings a declaratory judgment action to determine the constitutionality of the land use law independently of any agency action, the issue is properly before the trial court.

■ Plaintiffs do not dispute those general principles. They argue instead that this case comes within an exception to the rule in *Bay River*. Plaintiffs contend that, because the board lacked authority to decide their federal preemption claim, they were not required to raise that claim before the board but could instead seek immediate declaratory and injunctive relief from the trial court. The board argues in response that the premise of plaintiffs' argument is incorrect. Contrary to plaintiffs' premise, the board contends, it had authority to decide whether federal law preempts the state statutes it was charged with enforcing. The dispute, as the parties frame the issue on appeal, reduces to the question whether the board had authority to decide plaintiffs' preemption claim. On that point, plaintiffs advance two related but separate arguments to show why the board lacked authority. We examine each argument in turn.

Plaintiffs argue initially that ORS 673.730, which defines the board's powers, does not authorize it to resolve preemption claims. In analyzing that argument, we start with the text of ORS 673.730. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). ORS 670.730 begins by providing that "[t]he [board] shall have the following powers * * * and shall have all powers *necessary or proper* to carry the granted powers into effect." (Emphasis added.) It then specifies that the board shall have the power, among other things, "[t]o assess civil penalties * * * if the board has reason to believe that a person has been engaged or is engaging in any violation of ORS 673.615, 673.643 or 673.705." ORS 673.730(7). Finally, ORS 673.735(2) directs the board to hold a contested case proceeding to determine whether to assess a civil penalty.[4]

---

*Clatsop County v. LCDC*, 47 Or App 377, 614 P2d 612 (1980); *see Lake County*, 142 Or App at 166 (explaining *Clatsop County*). Conversely, when the governing statute commits the issue that the plaintiff seeks to litigate in the judicial action solely to the agency, the declaratory judgment action must be dismissed. *Lone Oak Racing, Inc. v. Oregon Racing Commission*, 162 Or App 111, 122-23, 986 P2d 596 (1999).

[4] ORS 673.735(2) provides that "[c]ivil penalties under this section shall be imposed as provided in ORS 183.090." ORS 183.090(4) provides that civil penalties may be imposed after a contested case proceeding, and ORS 183.090(5) provides that judicial review of an order imposing a civil penalty "shall be as provided in ORS 183.480 to 183.497 for judicial review of contested cases."

The authority to decide whether a civil penalty should be assessed includes the authority to resolve all issues that are "necessary or proper" to making that decision.[5] Textually, there is no reason to distinguish plaintiffs' preemption claim from any other issue or defense that the board must resolve in the course of deciding whether to impose a civil penalty. The resolution of those issues is "necessary" to the decision that ORS 673.730(7) expressly commits to the board—whether to impose a civil penalty. *See* ORS 673.730. Under the plain language of ORS 673.730, the board has the authority to decide plaintiffs' preemption claim.

Plaintiffs advance a second, related argument. Relying on *Sunshine Dairy v. Peterson*, 183 Or 305, 193 P2d 543 (1948), they argue that agencies generally lack authority to decide the constitutionality of the statutes they are charged with enforcing.[6] Although *Sunshine Dairy* supports that proposition, the court has since recognized in *Cooper v. Eugene Sch. Dist. No. 4J*, 301 Or 358, 362-65, 723 P2d 298 (1986), that an agency's authority is not that limited. In *Cooper*, the court explained that the school superintendent was authorized to decide whether a statute he was charged with enforcing violated either the state or federal constitutions.[7] *Cooper*, 301 Or at 362-65. Since *Cooper*, the court has continued to adhere to the principle that agencies are authorized to determine the constitutionality of the statutes they are charged with enforcing. In *Nutbrown v. Munn*, 311 Or

---

[5] In arguing that the board lacks statutory authority to resolve preemption claims, plaintiffs neither quote nor address the portion of ORS 673.730 that gives the board "all powers necessary or proper to carry the granted powers into effect."

[6] Although plaintiffs characterize their preemption claim as a constitutional challenge, that characterization is somewhat strained. Preemption requires an examination of congressional intent, not constitutional validity. *See Shaw v. Delta Air Lines, Inc.*, 463 US 85, 95, 103 S Ct 2890, 77 L Ed 2d 490 (1983) (explaining that, "[i]n deciding whether a federal law preempts a state statute, our task is to ascertain Congress' intent in enacting the federal statute at issue"); *Shaw v. PACC Health Plan, Inc.*, 322 Or 392, 398, 908 P2d 308 (1995) (same). Only if Congress intended to preempt state law does the Supremacy Clause come into play, and then only for the proposition that the state law must give way.

[7] The court reasoned that the legislature had implicitly authorized agencies to decide constitutional questions when, in enacting the APA, it "require[d] a final order in a contested case to include the agency's conclusions of law, ORS 183.470(2), and subject[ed] the order to reversal if it violates a constitutional provision, ORS 183.482(8)(b)(C)." *Cooper*, 301 Or at 365.

328, 346, 811 P2d 131 (1991), the court reaffirmed that, "[a]lthough it is an authority to be exercised infrequently, and always with care, Oregon administrative agencies have the power to declare statutes and rules unconstitutional." *Accord Employment Div. v. Rogue Valley Youth for Christ*, 307 Or 490, 495, 770 P2d 588 (1989) (explaining that, "[i]f a statute tells an agency to do something that a constitution forbids, the agency should not do it").

Contrary to plaintiffs' argument, the more recent decisions have repeatedly held that agencies have authority to decide the constitutionality of the statutes they are charged with enforcing. *A fortiori*, the board had authority to decide plaintiffs' claim that federal law preempted the state statutes it sought to enforce against plaintiffs.[8] It follows that, under *Bay River*, plaintiffs' sole recourse was to raise their preemption claim in the contested case proceeding before the board and seek judicial review, under the APA, of any adverse ruling by the board. Plaintiffs could not circumvent the APA by seeking declaratory and injunctive relief in the trial court. We accordingly vacate the trial court's judgment. *See Bay River*, 26 Or App at 723.

Judgment vacated; remanded with instructions to dismiss case for lack of jurisdiction.

---

[8] Plaintiffs seek to distinguish this case from *Cooper, Nutbrown*, and *Rogue Valley* by characterizing their preemption claim as a challenge to the board's enabling act. Plaintiffs, however, have not argued that the legislature lacks authority to create the board. Rather, they have argued that the statutes that the board is charged with enforcing are preempted, as the plaintiffs in *Cooper, Nutbrown*, and *Rogue Valley* did. Beyond that, plaintiffs offer no principled basis for saying that an agency may consider constitutional challenges to one class of statutes but not to another.