Argued and submitted August 21, affirmed November 7, 2007

Gary A. HARRINGTON,
*Petitioner-Appellant,*

*v.*

WATER RESOURCES DEPARTMENT
of the State of Oregon
and Water Resources Commission for the State of Oregon,
*Respondents-Respondents.*

041750Z3, A129878 (Control)

Gary A. HARRINGTON,
*Petitioner-Appellant,*

*v.*

WATER RESOURCES DEPARTMENT
of the State of Oregon;
Water Resources Commission for the State of Oregon;
City of Medford, municipality;
and Medford Water Commission,
a public utility,
*Respondents-Respondents.*

Jackson County Circuit Court
041960Z0; A132213

171 P3d 1001

Laura A. Schroeder argued the cause for appellant. With her on the briefs were Colm Moore and Schroeder Law Offices, P.C.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondents Water Resources Department of the State of Oregon and Water Resources Commission for the State of Oregon. With her on the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Richard D. Wasserman, Attorney-in-Charge, Civil/Administrative Appeals Unit.

John R. Huttl argued the cause and filed the brief for respondents City of Medford and Medford Water Commission.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Petitioner appeals judgments dismissing two petitions for judicial review of final orders in other than a contested case issued by the Water Resources Department (the department). In those orders, the department denied petitioner's applications to impound water on his land and ordered him to end existing impoundments. In one of the judicial review proceedings, petitioner also sought a declaratory judgment that the department is without authority to regulate the water in question. We affirm.

There is no dispute about the facts that are relevant to the issues on appeal. Petitioner owns property near Eagle Point that is located within the Big Butte Creek watershed. In 1925, the legislature withdrew all waters within that watershed from appropriation other than for the use and benefit of the City of Medford, subject to preexisting water rights. ORS 538.430.[1] Petitioner argues on appeal that the department does not have authority over diffuse surface waters, that is, waters derived from rain or melting snows that are flowing over land and have not yet reached a defined watercourse. *See Wellman et ux. v. Kelley and Harrison*, 197 Or 553, 560, 252 P2d 816 (1953) (stating common-law definition of diffuse surface waters). Petitioner also asserts that ORS 538.430 does not apply to diffuse surface waters.

---

[1] ORS 538.430(1) provides:

"Subject to water rights existing on May 29, 1925, the City of Medford, in Jackson County, is granted the exclusive right to use for municipal purposes all the waters of Big Butte Creek, a tributary of Rogue River situated in Jackson County, and of the springs at the head which form the creek, and of its tributaries. The City of Medford, any of its officers, and others on its behalf may appropriate all the waters for these purposes and an application therefor may be made for the benefit of the city, either by it in its own name, or by any of its officers or by any other person on its behalf. No person shall appropriate or be granted a permit to use any of the waters except as provided in this section, and for the use and benefit of the city. But the City of Medford may, under this grant, divert such waters from their watershed and convey them to the city and elsewhere for use by it for municipal purposes, either within or without the city limits. All of such waters are withdrawn from future appropriation, except for such use and benefit of the City of Medford; provided however, that the Eagle Point Irrigation District may establish and use an additional point of diversion below the diversion point in use on April 1, 1953, under its permit number 6396 which authorizes the appropriation of not to exceed 100 cubic feet per second."

In 2002, petitioner applied to the department for three permits to use or appropriate what he describes as diffuse surface waters on his property. He had two preexisting impoundments on his land and intended to construct a third. On March 13, 2003, the department issued two final orders approving his applications for permits to use water in the existing impoundments. After issuing those orders, the department reversed its decision. On May 12, 2003, it issued final orders on reconsideration that withdrew the two previous final orders and denied the applications on the ground that there was no water available for petitioner's use. On the same day, the department also issued a third final order that denied the third application. The department based those actions on its conclusion that, in enacting ORS 538.430, the legislature had withdrawn the water at issue from appropriation other than for the City of Medford.

The two final orders that reconsidered and withdrew the previous approvals contained the following statement:[2]

> "This is a final order in other than contested case. Pursuant to ORS 537.409(9), ORS 183.484, OAR 137-004-080 and OAR 690-01-005, you may either petition the Director for reconsideration of this order or petition for judicial review of this order. Any petition for judicial review of the order must be filed within the 60 day time period specified by ORS 183.484(2)."

On June 25, 2003, petitioner filed a timely request for reconsideration of those two final orders.[3] The department did not communicate with petitioner regarding that request until March 19, 2004, when the manager of the Water Rights Division sent petitioner a letter informing him that the department "did not reconsider the final orders withdrawing the applications. Although the Department has taken your

---

[2] The third final order contained a statement that was identical except for citing ORS 536.075 instead of ORS 537.409(9); petitioner raises no issues concerning the differences among the orders.

[3] In one of his petitions for judicial review, petitioner alleged that he sought reconsideration of all three final orders. However, the letter to the department that he attached as an exhibit to the petition referred only to the two applications that the department had first approved and then rejected on reconsideration. Because the petition for review was untimely as to those orders for the reasons that we describe below, it was necessarily also untimely as to the third order, assuming that petitioner sought review of it.

concerns seriously, I am afraid there is nothing more we can do to help you with these applications." The manager also reminded petitioner that he "may not legally store water in any of the ponds cited under the applications referenced above." The letter did not state that it was a final order and did not contain any notice of appeal rights. On May 13, 2004, petitioner filed trial court case number 041750Z3, in which he sought judicial review of the March 19 letter and an order requiring the department to issue final orders on his request for reconsideration.

On April 1 and April 6, 2004, the regional water-master, acting on behalf of the department, followed up on the warning in the March 19 letter by posting notices at petitioner's property stating that he was storing water illegally in each of his three reservoirs and instructing him to keep the head gates on each reservoir open. The notices stated that they were final orders in other than a contested case and were subject to judicial review under ORS 183.484 within the time provided in ORS 183.484(2). On May 28, 2004, petitioner filed trial court case number 041960Z0, in which he petitioned for judicial review of those orders. In August 2005, he filed an amended pleading in that case, adding a claim for a declaratory judgment and making the City of Medford and the Medford Water Commission defendants with respect to the declaratory judgment claim. Petitioner sought declarations that the department was without jurisdiction over diffuse surface waters and that the city had the exclusive right to regulate the waters of Big Butte Creek.

The trial court granted the department's and the city's motions for summary judgment in both cases and entered judgments dismissing them. Petitioner appeals. We begin with his first assignment of error, in which he asserts that the trial court erred in case 041750Z3 by ruling that the department was not required to issue a final order denying his request for reconsideration. As we now explain, the fundamental problem with that assignment is that the denial of reconsideration occurred by operation of law almost seven months before the department sent the letter of March 19, 2004. Thus, the petition is untimely as to the actual denial.[4]

_____

[4] Petitioner recognizes that the March 19 letter is not a final order denying reconsideration. In his petition, he did not ask the trial court to reverse the decision

■       ORS 183.484(2) describes the time limits for seeking review of an agency's final order, including a denial of reconsideration:

> "Petitions for review shall be filed within 60 days only following the date the order is served, or if a petition for reconsideration or rehearing has been filed, then within 60 days only following the date the order denying such petition is served. *If the agency does not otherwise act, a petition for rehearing or reconsideration shall be deemed denied the 60th day following the date the petition was filed, and in such case petition for judicial review shall be filed within 60 days only following such date.* Date of service shall be the date on which the agency delivered or mailed its order in accordance with ORS 183.470."

(Emphasis added.) For the purposes of this case, the essential statutory requirement is that petitioner was required to file his petition for review within 60 days of the time that his petition for reconsideration was deemed denied, which occurred when the department did not act on the petition within 60 days. It was not necessary for the department to do anything for the petition for reconsideration to be deemed denied—indeed, the denial occurred *because* the department did not act on the petition.

On its own reconsideration, the department issued final orders denying petitioner's applications for the permits on May 12, 2003. Petitioner petitioned for reconsideration of those final orders on June 25, 2003, which was fewer than 60 days later. That petition thus was timely under ORS 183.484(2). The department did not act on the petition, and under the statute, it was deemed denied 60 days later, that is, on August 25, 2003.[5] Petitioner had 60 days from that date, or until October 24, 2003, to seek judicial review. However, he did not seek review of any of the department's actions until May 13, 2004, and then the only action for which

---

in that letter but to issue an order under ORS 183.490 requiring the state to issue a final order on his request for reconsideration that conforms to the requirements of ORS 536.075(1). Our holding that the denial of reconsideration occurred by operation of law before the department sent the March 19 letter means that the trial court could not have granted that request.

    [5] August 24, 2003, which was 60 days after June 25, was a Sunday. *See* ORS 174.120(1).

he sought review was the March 19 letter. By that time, the statutory period for seeking judicial review of the denial of his petition for reconsideration of the May 12 orders had long passed, and the denial was final.

Petitioner remonstrates that ORS 536.075(1) modifies the requirements of ORS 183.484(2) so that the department cannot deny reconsideration without issuing a final order that meets the requirements of that statute. For that reason, petitioner says, the March 19 letter was inadequate to deny his petition for reconsideration, and the petition remains pending. The portion of ORS 536.075(1) on which petitioner relies provides:

> "A final order other than contested case issued by the Water Resources Commission or the Water Resources Department must state on the first page of the order that the order is a final order other than contested case, that the order is subject to judicial review under ORS 183.484 and that any petition for judicial review of the order must be filed within the time specified by ORS 183.484(2). Any order other than contested case issued by the Water Resources Commission or by the Water Resources Department that does not comply with the requirements of this section is not a final order."

Petitioner argues that in case 041750Z3, the trial court erred in ruling that the department was not required to enter a final order that complied with ORS 536.075(1) by including a notice of his right to judicial review. The orders of May 12, 2003, contained the notice that the statute describes, but the department's letter of March 19, 2004, did not. For that reason, petitioner argues, the March 19 letter did not constitute a final order denying reconsideration.

The difficulty with petitioner's argument is that it is based on a misunderstanding of ORS 183.484(2). That statute does not require the agency to issue an order of any sort to deny a petition for reconsideration; agency inaction in and of itself has that effect as a matter of law. Because there is no order, let alone a final order, when the denial occurs by operation of law, there is no way for the agency to include a notice of the right to petition for review. Petitioner may well be correct that, if the agency had issued a final order denying reconsideration before the 60-day period had passed, that

order would have been ineffective if it did not include the notice that ORS 536.075(1) describes. Even if the ineffective order was deemed a nullity, however, the reconsideration would still have been denied by operation of law 60 days after petitioner filed his petition for reconsideration. That is, ORS 536.075(1) describes what is necessary for an order to be effective as a final order *if the department issues an order*. However, that statute does not require the department to issue an order on reconsideration, and it has no bearing on what happens if the department does not do so.[6] Because no order was necessary to deny reconsideration, ORS 536.075(1) does not address the issue at hand. It follows that the trial court did not err in dismissing case 041750Z3.

Petitioner's second and third assignments of error concern case 041960Z0. In his second assignment of error, petitioner argues that the trial court erred in granting the department's and the city's motions for summary judgment because diffuse surface waters are not within the jurisdiction of the department. In his third assignment, petitioner asserts that ORS 538.430 does not apply to diffuse surface waters. For the following reasons, we conclude that neither issue was properly before the trial court.

■ Petitioner raised two claims in case 041960Z0. First, he sought judicial review of the department's enforcement orders, asserting that only the City of Medford had the authority to confer rights involving the water that he wishes to impound. Petitioner does not renew that argument on appeal. Second, he sought a declaration that the department did not have jurisdiction over those waters because they are diffuse surface waters.[7] The arguments that petitioner makes in his second and third assignments of error apply only to his declaratory judgment claim. However, the trial court did not have jurisdiction over that claim, because a

---

[6] In the March 19 letter, the agency simply informed petitioner that the department "did not reconsider" the final orders in question. It thus referred to a departmental action—or, more correctly, a departmental failure to take action—that had occurred at some point in the past.

[7] Petitioner recognizes that whether the water in question is actually diffuse surface water involves a question of fact that is not subject to summary judgment. The only issue on appeal is the legal question of whether diffuse surface water is within the department's regulatory authority.

petition for review of the department's final orders was petitioner's exclusive method for challenging the department's actions, including its jurisdiction over the water that petitioner seeks to impound. ORS 183.480(2) provides that "[j]udicial review of final orders of agencies shall be solely as provided by ORS 183.482, 183.484, 183.490 and 183.500."[8] As we recently noted, a "party may not circumvent the exclusive review process of the [Administrative Procedure Act (APA)] either by filing a declaratory judgment action after the time for petitioning for judicial review * * * has passed * * * or by filing a declaratory judgment action while the agency proceeding is pending[.]" *Eppler v. Board of Tax Service Examiners*, 189 Or App 216, 219, 75 P3d 900 (2003). We first recognized that principle in *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 554 P2d 620, *rev den*, 276 Or 555 (1976). In *Bay River*, the plaintiff real estate developer sought a declaration that the defendant commission was required to issue permits for subsurface sewage disposal in a planned housing development. After a trial on the merits that involved extensive technical evidence, the trial court issued the requested order. On appeal, we held that the exclusivity provisions of the APA prevented a party from truncating the administrative process by seeking a declaratory judgment or other relief in circuit court before the agency process was completed. The developer had to make its case in the contested case hearing before the agency. *Id.* at 720-21.

In *Lake County v. State of Oregon*, 142 Or App 162, 920 P2d 1115 (1996), the state decided to sell 12,000 acres belonging to the Common School Fund to the federal government, despite the plaintiff county's objections. The county did not challenge the state's final orders approving the sale by a petition for review under ORS 183.484. Rather, after the time for filing a petition for review had passed, it sought declaratory and injunctive relief. The trial court granted the county's requested relief; on appeal, we reversed its decision. We again emphasized our holding in *Bay River* that, when judicial review under the APA is available, that review is the sole

---

[8] By their terms, ORS 183.482, ORS 183.490, and ORS 183.500 are inapplicable to the present circumstances. Petitioner does not contend otherwise.

method for challenging an agency's action. *Lake County*, 142 Or App at 165-66.

In his declaratory judgment claim, petitioner challenges the department's authority on a number of grounds, including that it had no regulatory authority over diffuse surface water and that ORS 538.430 did not withdraw diffuse surface waters from appropriation. He could have raised those issues in the original permit proceeding or in challenging the department's enforcement orders. The administrative process was the exclusive avenue for deciding petitioner's arguments. Accordingly, the trial court correctly dismissed the declaratory judgment claim, and the issues that petitioner raises in his second and third assignments of error were not properly before the trial court.

Affirmed.