Argued and submitted February 8, affirmed November 2, 1988

CLARKE ELECTRIC, INC.,
*Appellant,*

*v.*

STATE OF OREGON,
acting by and through its
STATE HIGHWAY DIVISION,
*Respondent.*

(16-85-06490; CA A45014)

763 P2d 1199

Harold D. Gillis, Eugene, argued the cause and filed the briefs for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff appeals from a judgment for the State Highway Division (Division) and assigns as error the dismissal of its claim for lack of jurisdiction. We affirm.

In April, 1983, Division received bids for the installation of traffic signals in Lane County. Although plaintiff submitted the lowest bid, Division rejected the bid and awarded the contract to another contractor. Division notified plaintiff, by a letter dated April 30, 1985, that its bid had been rejected. Plaintiff filed this action on August 5, 1985, seeking damages for defendant's alleged failure to award plaintiff the contract as the lowest responsible bidder, pursuant to ORS 279.029(1). Plaintiff asserts claims for negligence, negligence *per se* and statutory tort on the basis of Division's alleged non-compliance with its statutory duty pursuant to ORS 279.029. Division moved to dismiss, arguing that the trial court did not have subject matter jurisdiction because the Administrative Procedures Act (APA), ORS 183.310 *et seq,* provides the exclusive method to review its rejection of plaintiff's bid and that plaintiff failed to seek review within the APA time limitations. *See* ORS 183.484(2). The trial court granted the motion to dismiss and entered judgment for Division.

Plaintiff first argues that the APA does not apply. Plaintiff asserts that ORS 279.045 provides the exclusive means for review of the rejection of its bid. That statute provides:

> "The procedure for appeal from a *disqualification* by a public contracting agency shall be in accordance with this section and is not subject to ORS 183.310 to 183.550 [the APA] except where specifically provided by this section." (Emphasis supplied.)

However, plaintiff was not *disqualified* as a bidder.[1] Rather, its bid was rejected under ORS 279.029:

> "(1)   After the bids are opened as required by ORS 279.027, and after a determination is made that a contract is

---

[1] Plaintiff's complaint did not allege, and plaintiff did not argue before the trial court, that it was improperly disqualified pursuant to ORS 279.037. Plaintiff's complaint alleged that its bid was improperly rejected, because it was the lowest responsible bidder pursuant to ORS 279.029.

to be awarded, the public contracting agency shall award the contract to the lowest responsible bidder.

"* * * * *

"(6) As used in this section:

"(a) 'Lowest responsible bidder' means the lowest bidder who has substantially complied with all prescribed public bidding procedures and requirements and who has not been disqualified by the public contracting agency under ORS 279.037."

Plaintiff's bid was allegedly rejected because it had not made a sufficient good faith effort to meet the Disadvantaged Business Enterprise (DBE) goal required by the contract. Failure to meet that goal is a ground for rejection of a bid, but not for disqualification. ORS 279.035; ORS 279.037. Accordingly, ORS 279.045 is not applicable.

■    Plaintiff next argues that the court had jurisdiction under ORS 279.067.[2] However, ORS 279.067 applies to a bidder adversely affected by a decision of a "local government review board" or a "local government agency," not a state agency such as defendant.

■    Plaintiff also argues that, even if the APA applies, rejection of a bid is an agency order and requires a contested case proceeding. *See* ORS 183.413 *et seq.* Because contested case proceedings were not followed in this case, plaintiff asserts that there is no final order and, therefore, the time limits of the APA have not begun to run. ORS 183.310(2)(a) determines whether a matter qualifies as a contested case. *See Oregon Env.Council v. Oregon State Bd. of Ed.,* 307 Or 30, 761 P2d 1322 (1988). Under ORS 183.310(2)(a), a contested case is a proceeding before an agency:

---

[2] ORS 279.067 provides:

"Any bidder adversely affected may commence a suit in the circuit court for the county in which are located the principal offices of the local contract review board or the local government agency, for the purpose of requiring compliance with, or prevention of violations of, ORS 279.011 to 279.063, or to determine the applicability of ORS 279.011 to 279.063 to matters or decisions of the board or agency. The court may order such equitable relief as it considers appropriate in the circumstances. A decision of the local contract review board or the local government agency shall not be voided if other equitable relief is available. The court may order payment of reasonable attorney fees and costs to a successful party in a suit brought under this section."

"(A)  In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"(B)  Where the agency has discretion to suspend or revoke a right or privilege of a person;

"(C)  For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such hearing; or

"(D)  Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470."

If a proceeding comes within one of those categories, the agency is required to follow certain procedures before reaching its decision. *See* ORS 183.413 *et seq.* Plaintiff contends, relying on ORS 183.310(2)(a)(B), that the rejection of its bid requires contested case proceedings, because it involves the revocation or suspension of a privilege or right. We disagree.

The rejection of plaintiff's bid did not involve the revocation or suspension of a privilege or right. *See Pen-Nor, Inc. v. Oregon Dept. of Higher Ed.,* 84 Or App 502, 505, 734 P2d 395 (1987). Additionally, the rejection of the bid does not qualify for a contested case proceeding under the three other categories defined in the statute. Accordingly, the rejection constitutes an order in other than a contested case and does not require contested case proceedings. *Oregon Env. Council v. Oregon State Bd. of Ed., supra,* 307 Or at 43-44.

Finally, plaintiff argues that it is seeking damages in tort under the Oregon Tort Claims Act, ORS 30.265, not review of the Division's order and, therefore, that the time limitations of the APA are not applicable. However, defendant's alleged liability in tort is premised on a finding that defendant's order rejecting the bid was improper. That order was a final order in other than a contested case, and the exclusive procedure for review of such an order is under the APA. ORS 183.480(2). *See FOPPO v. County of Marion,* 93 Or App 93, 760 P2d 1363 (1988). Consequently, the trial court did not err in granting Division's motion to dismiss for failure to comply with the APA time limitations for judicial review.

Affirmed.