Michael and Anne SCARBOROUGH,
*Petitioners,*

*v.*

CHILDREN'S SERVICES DIVISION,
*Respondent.*

(168507734; CA A60296)

799 P2d 1139

David C. Force, Eugene, argued the cause and filed the brief for petitioners.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of a Children's Services Division (CSD) order revoking their foster home certification. They raise three issues. The first is whether there is substantial evidence to support the administrator's finding that the decision to revoke the certification was not made in retaliation for their filing of a grievance against the local CSD branch manager. The second is whether there is substantial evidence to support the administrator's finding of specific instances of petitioners' use of inappropriate discipline. The third is whether the agency imposed an unconstitutional standard of proof on petitioners.

Petitioners own and operate a riding school, and they offer a foster home program targeted at "difficult" teenage girls. They accept "private" clients, whose parents pay for their board, and girls placed in their home by CSD. Mrs. Scarborough runs the school and the foster home, and Mr. Scarborough is separately employed.

Petitioners were first certified as foster parents in 1971. That certification expired at the end of 1972, and they did not apply for recertification. They were again certified in 1979 and recertified every year until 1985, when their certificate was revoked. That revocation is the subject of this case.

At the hearing, petitioners contended that the assistant administrator revoked their certificate because they had filed a grievance against the decision of CSD's branch manager not to place any more girls in their home until certain problems were corrected. They contend that the administrator's finding that retaliation was not the motive for the revocation is not supported by substantial evidence as required by ORS 183.482(8)(c). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). The assistant administrator testified that the revocation was not made in retaliation for filing the grievance. She stated that her decision was based on her review of petitioner's foster home file, her discussion with the CSD manager of problems at the foster home, the findings of a citizen's review panel that reviewed petitioner's grievance and her own

experiences in dealing with Mrs. Scarborough. There is substantial evidence in the record to support the finding that the certificate was not revoked as a retaliatory measure.

Petitioners next challenge the administrator's findings of three specific instances of inappropriate discipline used by Mrs. Scarborough. After a careful review of the extensive record in this case, we find that there is substantial evidence to support the findings that the specific instances occurred and that they were inappropriate.

■     Petitioners' next assignment is a rather frantic recitation of perceived procedural and constitutional defects. Most of the "errors" were not preserved or are not presented in a comprehensible fashion. The principal argument seems to be that the agency placed too heavy a burden of proof on petitioners, resulting in due process deficiencies.

*Former* OAR 412-22-015(8) provided:

> "CSD may revoke or refuse to reissue a certificate [to operate a foster home] either if it has reasonable doubt that the foster parent, applicant or the foster family home are in compliance with applicable rules, or if it has reason to believe that they are not in compliance."[1]

Petitioners contend that this rule imposes on them a burden to prove beyond a reasonable doubt that they are in compliance with applicable rules in order to maintain their certification. They appear to argue that such a burden of proof is unconstitutional.

■     The rule does not allocate burdens of proof; it establishes criteria for CSD to revoke a foster home certification. The burden is on CSD to prove by a preponderance of the evidence that there is a basis for revocation. The administrator found that the agency had established by the greater weight of the evidence a ground for revoking petitioners' certificate. The findings were supported by substantial evidence. Consequently, the certification was revoked because CSD

---

[1] The rule has been replaced by OAR 412-22-075(3), which provides that the certificate may be revoked

"[a]t any time CSD has reason to believe * * * that a certified foster home does not meet one or more of the administrative rules * * *."

proved that a basis existed, not because petitioners had failed to sustain a burden of proof.

Affirmed.