Argued and submitted January 13, affirmed November 18, 1992

### Caleb Edgar BURNS,
*Appellant,*

*v.*

## BOARD OF PSYCHOLOGIST EXAMINERS,
State of Oregon, Stanley Mazur-Hart
and Laura Parrish,
*Respondents.*

(87C-11453; CA A67241)

841 P2d 680

James M. Brown, Salem, argued the cause for appellant. With him on the brief was Enfield, Guimond & Brown, Salem.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

Durham, J., specially concurring.

## DEITS, J.

Petitioner brought this proceeding pursuant to ORS 183.484 for review of the noncontested case order of respondent Board of Psychologist Examiners that denied his application for a psychologist's license after he failed an oral examination. The individual respondents were Board members at the relevant time. Petitioner contends that respondents did not follow applicable administrative rules and were delinquent in other ways in administering and scoring the test. The trial court granted respondents' motion for summary judgment. Petitioner appeals, and we affirm.

After petitioner brought this proceeding, but before he filed his final amended complaint, he took the examination again and passed it. Accordingly, petitioner's challenge to the procedures and the result of the first test is moot. However, he also alleged, in the same claim as his allegations concerning the testing irregularities, that he suffered damages to his professional reputation, "mental distress, embarrassment and a loss of earning capacity." He sought special and general damages for those injuries.

Those allegations state, if anything, a tort claim, and the damages sought are tort damages. ORS 30.265(1) makes the Oregon Tort Claims Act the exclusive remedy for torts by officers, employees or agents of a public body. The Administrative Procedures Act also makes it clear that tort remedies may not be pursued where the "alleged liability in tort is premised on a finding that [an agency's] order * * * was improper," because the "exclusive procedure for review of such an order is under the APA." *Clarke Electric, Inc. v. State Highway Division*, 93 Or App 693, 697, 763 P2d 1199 (1988).[1]

The question that remains is whether some or all of the monetary relief that petitioner seeks can be awarded in a proceeding under ORS 183.484. If such damages were recoverable in this proceeding, this case would not be moot. Although petitioner does not specifically make the argument to us, respondents raise the question of whether the damages are recoverable under ORS 183.486(1)(b), which provides:

---

[1] The question is not presented of whether an OTCA claim based on an agency order may be brought *after* APA review has been completed.

"(1) The reviewing court's decision under ORS 183.482 or 183.484 may be mandatory, prohibitory, or declaratory in form, and it shall provide whatever relief is appropriate irrespective of the original form of the petition. The court may:

"* * * * *

"(b) Order such ancillary relief as the court finds necessary to redress the effects of official action wrongfully taken or withheld."

In *Burke v. Children's Services Division*, 288 Or 533, 544, 607 P2d 141 (1980), the court said in *dictum* that "[p]aragraph (b) clearly authorizes monetary relief." *Burke* did not decide when and what kinds of monetary relief *are* contemplated by the statute, and we need not decide that question here. It is clear that the only kind sought here, tort damages, are *not* available under ORS 183.486(1)(b).

ORS 183.482 and ORS 183.484 provide for judicial review of agency orders by the Court of Appeals and the circuit court, respectively. Under both provisions, the court conducts the review, and jury trials are not available. Moreover, the Court of Appeals has no authority to make an initial award of compensatory damages under any circumstances. "Ancillary relief" in monetary form might include repayment of direct losses that result from erroneous agency action or inaction, such as the recovery of benefits that an agency has wrongly denied or terminated. However, if the legislature had intended to give this court and the circuit court the authority to award compensation for tort claims in the course of reviewing administrative orders, we think that it would have been far less oblique in saying so than ORS 183.486(1)(b) reads. Indeed, a constitutional amendment would probably be required.

Because neither the merits of the order nor the damages sought by petitioner were cognizable in this proceeding, the trial court's disposition was correct.

Affirmed.

**DURHAM, J.,** specially concurring.

The trial court correctly granted summary judgment. I agree with the majority's result, but I disagree with its reasoning.

Petitioner sought a judgment reversing and remanding the proceeding to the Board "with an order to remove the results of the first licensure examination from his file." He also sought non-economic damages for mental distress, economic damages of $2,540 and reasonable attorney fees. Although he claimed that the first examination was unlawful in many respects, he presented no argument that the Board should be ordered to issue a license to him or to consider him licensed effective after the first examination.

I agree with the majority that his challenge to the procedures and the result of the first test is moot, unless he has a valid claim for damages. He has no such claim. He makes no argument that the Administrative Procedures Act, ORS 183.310 to ORS 183.550, authorizes an award of non-economic damages. The state cites ORS 183.486(1)(b)[1] and argues that "ancillary relief" does not include non-economic damages. In the absence of any contrary authority or argument by petitioner, I agree. Furthermore, even if "ancillary relief" includes economic damages, it is not available here. Under the only theory that petitioner identifies, he suffered no economic losses from his inability to practice as a psychologist between the examinations. He held no license until after the second examination and his petition makes no claim that the Board should be ordered to issue a license to him, or to consider him licensed effective after the first examination.

I join in the majority's result. I do not join in its discussion of the Oregon Tort Claims Act, ORS 30.260 to ORS 30.300, or its suggestion that no kind of tort damages is available under ORS 183.486(1).

---

[1] ORS 183.486(1)(b) provides:

"(1) The reviewing court's decision under ORS 183.482 or 183.484 may be mandatory, prohibitory, or declaratory in form, and it shall provide whatever relief is appropriate irrespective of the original form of the petition. The court may:

"* * * * *

"(b) Order such ancillary relief as the court finds necessary to redress the effects of official action wrongfully taken or withheld."