Argued and submitted October 28, 1998, reversed and remanded November 3, 1999

Hugh MULLER,
an individual,
*Respondent,*

*v.*

STATE OF OREGON,
acting by and through
the DEPARTMENT OF AGRICULTURE,
*Appellant.*

(95P-1166; CA A98293)

988 P2d 927

John T. Bagg, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Shay S. Scott argued the cause for respondent. With him on the brief were Scott W. Horngren, Julie A. Weis, and Haglund & Kirtley.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff initiated this negligence action against the Oregon Department of Agriculture (department), seeking damages for losses he suffered when the department denied his application to burn his grass seed fields. The department moved for dismissal of the action on the ground that exclusive review of its denial lies under the Administrative Procedure Act (APA), ORS 183.310 to ORS 183.550. The trial court denied the motion. The matter went to trial, and plaintiff obtained a judgment for damages. On appeal, the department argues, among other things, that the trial court erred in denying its dismissal motion. We agree and reverse and remand for entry of judgment dismissing the action against the department.

The facts necessary to the disposition of this appeal are not in dispute. Plaintiff is a grass seed farmer in Polk County and burns his fields to remove debris and prepare them for the next growing season. In the spring of 1991, he paid the department the required permit fees and obtained a permit to burn his grass seed fields. Meanwhile, in 1991, the legislature increased the permit fee, effective July 1, 1991. Or Laws 1991, ch 920, §§ 13, 17. After that date, plaintiff burned his fields. He then received an invoice from the department for the increased permit fees. He did not pay the fees.

In the spring of 1992, plaintiff applied for a permit to burn 221 acres of his grass seed fields. The department denied the permit application because plaintiff had failed to pay the additional 1991 field-burning permit fee. Plaintiff requested a contested case hearing on the denial of his application for a 1992 field-burning permit, disputing the authority of the department to impose the additional fee for burning in 1991. On September 21, 1992, plaintiff paid the additional 1991 burn fee into escrow. By that time, however, only two days remained in the field-burning season. The department allowed him the two days to burn 125 of the 221 acres of grass seed fields. Plaintiff burned 125 acres and cleared the balance of the acreage using a "stack and burn" method that he contends is less effective and more labor intensive and, hence, more costly, than open field burning.

An administrative law judge (ALJ) conducted a hearing on plaintiff's challenge to the decision to deny the 1992 burn permit until the additional 1991 burn fee was paid. In March 1993, the ALJ issued a proposed order holding that the issuance of a 1992 permit could not be conditioned on the payment of the 1991 fees. The ALJ issued no final order, however. The case apparently still is pending.

In November 1993, plaintiff completed crop analysis of his fields, which revealed that the 1993 yield on the burned fields was substantially greater than the yield on the unburned fields. Believing that the department should be held responsible for the reduced yield on the unburned fields, plaintiff filed a notice of intention to bring a tort claim and, in August 1995, filed a complaint initiating this action for negligence. In his complaint, plaintiff alleged:

> "Because of the defendant's refusal to timely issue a valid field burning permit, plaintiff could burn only 125 acres of the 221 acres he had registered. As a result, plaintiff was forced to forego field burning, as historically performed by plaintiff on these fields. Rather, plaintiff was required to clear the remaining acres using the 'stack and burn' method. * * *
>
> "* * * * *
>
> "As a result of defendant's unauthorized refusal to allow plaintiff to register and burn his fields during the 1992 burning season, plaintiff suffered damages in the form of reduced profits and increased expenses * * *."

Plaintiff alleged that the department was negligent in "failing to allow plaintiff to register his fields in accordance with the requirements of statutory provisions and rules in effect at all material times."

The department moved to dismiss on the ground that, among other things, the trial court lacked jurisdiction to review the agency's decision not to permit plaintiff to burn his fields. According to the department, the validity of that decision is a matter subject to the exclusive review procedures of the APA. The trial court denied the motion. The department later raised the same issue by way of unsuccessful motions for summary judgment and for a directed verdict.

The matter was tried to a jury, which returned a verdict in favor of plaintiff.

On appeal, the department argues that the trial court erred in failing to dismiss the action on the ground that it is subject to review exclusively under the APA. According to the department, the relevant statutes provide that a denial of an application for a field-burning permit is subject to contested case review under the APA and that the general rule is that such APA review of the validity of agency action is exclusive. Plaintiff argues that he is not challenging the validity of an agency order, but rather is asking for damages for the consequences of agency action. In support of that argument, he relies on this court's decision in *Premier Technology v. Oregon State Lottery*, 136 Or App 124, 901 P2d 883 (1995).

ORS 468A.575 requires permits for open field burning in certain counties, among them Polk County. Administration of the program is assigned to the department. ORS 468A.585. Applicants for a permit to burn must register their grass seed acreage with the department and pay a fee set by statute. ORS 468A.615. If the department approves the application, then the Department of Environmental Quality (DEQ) is authorized to issue a permit to burn. ORS 468.065. If it does not issue the permit, then the applicant may seek a contested case hearing on the denial, as provided in the APA. ORS 468.070(3).

When the APA provides for review of an agency action, the APA is the exclusive means of reviewing the validity of that action. *Mendieta v. Division of State Lands*, 148 Or App 586, 600, 941 P2d 582 (1997) (APA is the " 'sole and exclusive means of obtaining judicial review' " of validity of agency action that is subject to APA); *Lake County v. State of Oregon*, 142 Or App 162, 165, 920 P2d 1115 (1996) (APA review is exclusive); *Clarke Electric, Inc. v. State Highway Division*, 93 Or App 693, 697, 763 P2d 1199 (1988) (APA is "exclusive procedure for review" of agency order subject to APA).

Our opinion in *Premier Technology* is not to the contrary. In that case, the plaintiff initiated an action against an administrative agency for breach of contract, based on the

agency's decision to terminate the contract. The agency argued that the action should have been dismissed on the ground that the APA provided the exclusive mechanism for review of its action. We held that the plaintiff was not limited to APA review in that case, because the plaintiff

> "is not claiming that the agency action violated a statute or rule or was otherwise in violation of administrative law. Instead, it is claiming that the action constituted a breach of the agency's agreement."

136 Or App at 132 (footnote omitted).

In this case, plaintiff claims damages resulting from the denial of his application for a burning permit. His entitlement to damages depends on the validity of the denial. He contends that the denial was invalid because the department failed to comply with "statutory provisions and rules in effect at all material times." This case, in other words, is precisely the sort of case that we held in *Premier Technology* is subject to review exclusively under the APA, because it challenges the validity of an agency action on the ground that it "violated a statute or rule or was otherwise in violation of administrative law." *Id.*

That conclusion only makes sense. Were we to conclude otherwise, we would create the potential for inconsistent decisions and collateral challenges, contrary to the purpose of the APA. It bears recalling that the contested case proceeding in which plaintiff challenged the denial of his burn permit was still pending at the time he initiated this negligence action. As we held in *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 721-22, 554 P2d 620, *rev den* 276 Or 555 (1976), although many reasons support the requirement that parties seek review of agency action under the APA, "of greatest importance is a concern that the administrative decision-making process should not be prematurely interrupted."

Plaintiff insists that APA review is inadequate, because the remedy he seeks—damages—is not available under the APA. Indeed, plaintiff argues that precluding him from seeking damages in this action unconstitutionally deprives him of a remedy. Plaintiff's argument amounts to

mere question begging, however. If he is entitled to a remedy, then he must establish the invalidity of the agency action in the first place. We merely hold that the exclusive mechanism for establishing the invalidity of the agency action is provided in the APA. We therefore conclude that the trial court erred in denying the department's motion to dismiss.

Reversed and remanded for entry of judgment dismissing action.