Argued and submitted January 15, portion of permanency judgment ordering the
Department of Human Services to undo founded disposition and restore foster
parents' certification reversed, otherwise affirmed October 12, 2016

In the Matter of K. V. L. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Appellant,*

*v.*

P. A.
and K. A.,
*Intervenors-Respondents*
*and*

K. V. L. H,
*Respondent.*

Clackamas County Circuit Court
121157J;
Petition Number 121157J01;
A159746

383 P3d 376

Stephanie L. Striffler, Assistant Attorney General, argued the cause for appellant. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Kevin C. Leik waived appearance for intervenors-respondents.

Angela Sherbo appeared for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## ORTEGA, P. J.

In this appeal of a permanency judgment involving a three-year-old child, K, the Department of Human Services (DHS) asserts that the juvenile court erred when it ordered the department in a permanency judgment to reverse a "founded disposition" for child abuse and reinstate the certification of K's former foster parents. We agree with DHS that both of those department actions are subject to challenge under Oregon's Administrative Procedures Act (APA) and that the court erred by *sua sponte* ordering DHS to undo those administrative actions in a permanency judgment. Accordingly, we reverse the portions of the permanency judgment that ordered DHS to undo those specific actions.

The relevant background facts are undisputed. The juvenile court took jurisdiction over K in January 2013 when she was less than eight months old and placed her in the legal custody of DHS. In January 2014, the court changed the permanency plan to adoption and, shortly thereafter, DHS filed petitions to terminate the parental rights of K's mother and father. In the meantime, she was placed with the foster parents. In September 2014, the court terminated the parental rights of mother and father and committed K to the legal custody and guardianship of DHS for purposes of consenting to adoption. At that time, the foster parents were K's identified adoptive resource. However, in January 2015, K's foster father slapped his six-year-old daughter in the face, and K's foster mother reported the incident to DHS. DHS removed K from the foster home, and DHS Child Protective Services (CPS) initiated a child abuse assessment (CPS assessment) under OAR chapter 413 to determine whether there was reasonable cause to believe that K's foster father had committed child abuse. K was placed with friends of the foster parents and, in accordance with a safety plan, had visitation with the foster parents.

After conducting the CPS assessment, DHS issued a "founded disposition" for child abuse under OAR 413-015-1000(2),[1] based in part on reports of the injuries suffered by

---

[1] OAR 413-015-1000(2) provides

"As part of completing the CPS assessment, the CPS worker must determine whether there is reasonable cause to believe child abuse or neglect occurred. The possible determinations are:

foster father's daughter—*i.e.*, a bloody nose and bruising from the slap. The foster parents neither sought further administrative review of the founded disposition within DHS, nor sought judicial review of that administrative assessment. *See* OAR 413-010-0735 (providing for "Local Child Welfare Office Review CPS Founded Dispositions"); OAR 413-010-0745 (providing for "Central Office Review of CPS Founded Dispositions"). DHS referred the foster parents and K to Kinship House for an evaluation to assist the department in determining whether it should continue to pursue the foster parents as an adoptive resource for K. DHS also referred foster father for a psychological evaluation.

Based on the CPS assessment, the Kinship House evaluation, and foster father's psychological evaluation, DHS determined that it would not be in K's best interests for DHS to continue to pursue adoption with the foster parents. DHS informed the foster parents that their foster home certification was likely to be terminated, and the foster parents voluntarily withdrew their certification.

At a May 2015 permanency hearing, DHS informed the court that it was no longer considering the foster parents as an adoptive resource for K. After a June 2015 permanency hearing, the juvenile court entered the permanency judgment at issue in this appeal. In a letter opinion, the court explained that the founded disposition for child abuse was erroneous because the injuries caused by foster father to his daughter did not rise to the level of "physical injury," as that term is defined in ORS 161.015(7). In the court's view, that error resulted in CPS incorrectly coding the CPS assessment as "founded for physical abuse," which made DHS's actions that followed unreasonable (that is, removing K from the foster parents' home and compelling

"(a) 'Founded,' which means there is reasonable cause to believe that child abuse or neglect occurred.

"(b) 'Unfounded,' which means no evidence of child abuse or neglect was identified or disclosed.

"(c) 'Unable to determine,' which means there are some indications of child abuse or neglect, but there is insufficient data to conclude that there is reasonable cause to believe that child abuse or neglect occurred. The 'unable to determine' disposition may be used only in [certain circumstances.]"

the foster parents to relinquish their certification). The court also concluded that the error corrupted the basis of the Kinship House evaluation and foster father's psychological evaluation.

Accordingly, the court concluded in the permanency judgment that DHS was not in compliance with the current plan of adoption and ordered DHS to take specific corrective action: "DHS is ordered to: take actions necessary to correct DHS's earlier mistake, including restoring the foster/adoptive parent's certifications, reversing its incorrect legal conclusion, and taking action consistent with [the] correct legal conclusion." The "legal conclusion" referenced in the judgment is the "founded disposition" discussed at length in the court's letter opinion.

DHS appeals the permanency judgment, challenging the permanency judgment to the extent that it orders DHS to reverse its founded disposition and to recertify the foster parents.[2] DHS asserts that CPS assessment dispositions and foster parent certifications are administrative decisions that are subject to review only through the APA. Accordingly, because no party sought judicial review of either of those decisions, DHS argues that the juvenile court erred when, in the context of a permanency judgment, it ordered DHS to undo those administrative decisions.

To set DHS's appellate argument in context, we provide a basic overview of the statutory and administrative schemes that govern CPS assessments and DHS foster home certifications. When DHS receives a report of child abuse and neglect, it must, among other things, initiate an investigation "to determine the nature and cause of the abuse of the child." ORS 419B.020(1)(a). To implement that duty, DHS has adopted administrative rules that govern when and how CPS conducts assessments of

---

[2] The foster parents waived appearance in this appeal. On appeal, DHS also argued that, to the extent that the juvenile court ordered it to place K with the foster parents after the June 2015 permanency hearing, the court lacked the authority to do so. However, subsequent events have rendered that dispute moot and we do not address it.

reports of child abuse and neglect. *See* OAR 413-015-0105 ("The purposes of Child Protective Services are to identify unsafe children and to assure protection of children after a report of alleged child abuse or neglect is received by a screener."); *see also* OAR 413-015-0400 - 413-015-0440 (establishing CPS assessment procedure and requirements). Once CPS has conducted its assessment under the administrative rules, it must determine the appropriate disposition of the assessment. OAR 413-015-0440. OAR 413-015-1000 provides three possible dispositions: founded, unfounded, or unable to determine. When a CPS assessment results in a founded disposition (*i.e.*, "there is reasonable cause to believe that child abuse or neglect occurred"), DHS must provide the affected party notice and an opportunity to request review of that disposition. OAR 413-010-0700; OAR 413-010-0721. DHS's administrative rules allow a party to seek additional levels of review within the agency, and DHS must provide notice of the decisions that result from that additional review. *See* OAR 413-010-0735 ("Local Child Welfare Office Review of CPS Founded Dispositions"); OAR 413-010-0745 ("Central Office Review of CPS Founded Dispositions"). Ultimately, a founded disposition is an administrative action by DHS that is subject to judicial review under the APA. *See Berger v. SOSCF (A117291)*, 195 Or App 587, 591, 98 P3d 1127 (2004) (a DHS order retaining a founded disposition is subject to judicial review under ORS 183.484 as a final order in other than a contested case); *see also A. F. v. Oregon Dept. of Human Services*, 251 Or App 576, 284 P3d 1189 (2012) (conducting judicial review under the APA of a founded disposition).

Similarly, foster home certification is governed by administrative rules promulgated by DHS under its statutory authority to investigate the qualifications of foster care applicants. *See* ORS 418.625 - 418.645 (authorizing DHS approval and supervision of foster homes). The OAR chapter 413, division 200 rules provide extensive procedures, requirements, and standards to guide DHS's certification, monitoring, and renewal of foster home certifications. In addition, the rules provide an opportunity for a contested case hearing when DHS denies an application

for a certification or revokes an existing certification. OAR 413-200-0396. Accordingly, the denial of an application or revocation of a certification is an administrative action subject to review under the APA. *See* ORS 418.645 (providing for review of such orders "as provided in ORS 183.480 for the review of orders in contested cases"); *see, e.g., Scarborough v. CSD*, 104 Or App 233, 235, 799 P2d 1139 (1990) (reviewing order revoking foster home certification under the APA).

As noted, DHS argues that, because a founded disposition of a CPS assessment and an order revoking or denying a foster home certification are administrative actions subject to review under the APA, the juvenile court erred when it ordered DHS in a permanency judgment to change the founded disposition and recertify the foster parents. We agree.

"When the APA provides for review of an agency action, the APA is the exclusive means of reviewing the validity of that action." *Muller v. Dept. of Agriculture*, 164 Or App 11, 15, 988 P2d 927 (1999). Put another way, "when APA review is available, APA jurisdiction is exclusive." *Lake County v. State of Oregon*, 142 Or App 162, 166, 920 P2d 1115 (1996). Here, as we have explained, the disposition of a CPS assessment and the process for foster home certification are administrative actions subject to review under the APA, and neither the foster parents nor any other party sought review of those agency actions under the APA. It follows that, in a separate juvenile dependency proceeding, those administrative decisions were not before the court, and the court erred by ordering DHS to undo those administrative actions in the permanency judgment. We acknowledge the court's concern in this case that the founded disposition and foster home certification may have had some practical overlap with the juvenile court's role in conducting the permanency hearing. Nevertheless, the juvenile dependency proceeding is a separate proceeding from the administrative actions that the court ordered changed and, on the narrow question before us in this appeal, the juvenile court erred when it ordered DHS to undo the founded disposition and recertify the foster parents.

Portion of permanency judgment ordering the Department of Human Services to undo founded disposition and restore foster parents' certification reversed; otherwise affirmed.